OPINION
{¶ 1} Appellant, Michael Hommes ("Hommes"), appeals from his conviction for a felony domestic violence charge. His appeal is based on the argument that the trial court improperly answered a question from the jury. The question posed by the jury stated that it was unclear about its duty to find that Hommes had a prior conviction for domestic violence. On review, we affirm the judgment of the trial court.
 {¶ 2} Hommes and Lyn Heath ("Heath") were living together on March 15, 2004. They had a relationship dating back at least nine years.
 {¶ 3} Before going to work that day, Hommes and Heath got into an argument about not packing his lunch that day. After he returned home from work, a physical altercation ensued in which Hommes tried to choke Heath and smother her with a dishrag and slammed her against the kitchen cupboards. The next day, March 16, 2004, after Hommes went to work, Heath called the police and related the events of the previous day.
 {¶ 4} Hommes was indicted by the grand jury on June 7, 2004, for one count of domestic violence, a violation of R.C. 2919.25, and a felony of the fifth degree. The indictment alleged that between March 15, 2004 and March 16, 2004, he knowingly caused or attempted to cause physical harm to Heath, a household member. It also alleged that Hommes had previously been convicted of a misdemeanor domestic violence charge. Hommes entered a plea of not guilty to the indictment.
 {¶ 5} The case proceeded to jury trial. The jury found him guilty of the offense of domestic violence.
 {¶ 6} On March 11, 2005, Hommes was sentenced to prison for six months. He was ordered to pay costs and to be subject to post-release control for up to three years. He received jail credit for time served of nine days. A timely appeal to this court was filed.
 {¶ 7} Hommes raises a single assignment of error:
 {¶ 8} "The trial court committed plain error by its response to the jury question."
 {¶ 9} A reversal of a conviction based upon a trial court's response to a jury's request for additional information or clarification of its previous instructions can only be had if the trial court abused its discretion.[1]
 {¶ 10} The subject matter of the jury's request for clarification had to do with Hommes' prior conviction for domestic violence.
 {¶ 11} Just prior to resting its case, the prosecutor for the state of Ohio recited a stipulation to the jury that Hommes had been found guilty of misdemeanor domestic violence in the Ashtabula Municipal Court on October 3, 2002. After getting the assent to the stipulation from Hommes' attorney, the trial court told the jury: "[l]adies and gentlemen, those are stipulated facts that you can now consider as evidence in this case."
 {¶ 12} As part of the instructions to the jury, the trial court instructed as follows:
 {¶ 13} "The evidence in this case consists of the testimony received from the witnesses upon the stand and any stipulations by counsel occurring during the trial which were entered into the record and you were directed to accept as evidence.
 {¶ 14} "* * *
 {¶ 15} "Evidence was introduced that Michael A. Hommes was convicted of a criminal act. This evidence may be considered for the purpose of determining whether the defendant has been previously convicted of Domestic Violence, which is an essential element of the crime of Domestic Violence as charged in this case.
 {¶ 16} "* * *
 {¶ 17} "If your verdict is guilty, you will separately determine whether the defendant was previously convicted of the offense of Domestic Violence.
 {¶ 18} "If your verdict is not guilty, you will not determine whether the defendant was previously convicted of the offense of Domestic Violence."
 {¶ 19} The trial court also instructed the jury that their verdict form had blank lines where they were to insert either "was" or "was not" in reference to whether Hommes had previously been convicted of domestic violence.
 {¶ 20} During deliberations, the jury presented the trial court with the following question:
 {¶ 21} "[i]f we find guilty are we to `determine' whether defendant was previously convicted of the offense of `domestic violence' — explain this to us — we are not clear on this."
 {¶ 22} In response, the trial court told the jury:
 {¶ 23} "If you find the defendant not guilty, don't worry about any prior convictions. If you find the defendant guilty of the offense as I've defined it, then you have to go on and additionally decide whether he was previously convicted of Domestic Violence. The evidence on that issue was the stipulation that was entered into the record.
 {¶ 24} "Now, just because it's entered doesn't mean you have to accept it, but that was the evidence on that issue."
 {¶ 25} Hommes did not object to the response of the trial court to the jury's question.
 {¶ 26} Hommes argues that it was plain error for the trial court to respond to the jury's question in such a way as to remind them of the specific evidence on one of the elements of the offense, namely, that Hommes had previously been convicted of domestic violence. Hommes likens the trial court's response to the situation where the trial court refreshed the jury's recollection concerning evidence of physical harm by reminding the jury that there was evidence of grabbing, choking, and slamming against fixed objects. Had the trial court not reminded them of this evidence, argues Hommes, the jury would have forgotten about it and Hommes would only have been convicted of a misdemeanor. Thus, the outcome of the trial would have been different; and the trial court's response, therefore, constitutes plain error. We disagree.
 {¶ 27} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."[2]
 {¶ 28} "`"Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."[3]
Plain error does not exist unless, but for the error, the outcome at trial would have been different.'"[4], [5]
 {¶ 29} Under a plain error analysis, we do not believe the outcome would have been different if the trial court had left out the reference to the stipulation in its response to the jury question. Hommes' argument that the outcome would have been different rests on the assumption that the jury would have forgotten about the fact that it was stipulated that he had a prior conviction. We do not construe the jury question to reflect a lapse in the jury's collective memory about the evidence that was introduced. Instead, we construe it to be a question as to what the duty of the jury was with respect to whether it had to determine that Hommes did have a prior conviction. The jury would not have asked the question had it forgotten about this evidence. We conclude that the question was asked because the jury was concerned about performing its duties in a careful and comprehensive manner. Thus, there was no manifest miscarriage of justice committed by the trial court and no plain error on the part of the trial court in reiterating a matter that was already in evidence.
 {¶ 30} Nor do we believe the trial court abused its discretion is responding to the jury question in the way that it did. In State v. Shaffer, this court said:
 {¶ 31} "`[T]he term "abuse of discretion" "(* * *) connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'"[6]
 {¶ 32} "[W]here, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request. A reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion. In the case at bar, defense counsel raised no objection to the trial court's response to the jury question, and the court acted within the scope of its discretion in view of the nature of the instructions previously given."[7]
 {¶ 33} Further, this court has stated how a trial court may exercise its discretion in answering a jury question when it pertains to evidence introduced at trial:
 {¶ 34} "`[A]ny question by the jury during its deliberation, as to matters of evidence, if answered by the court, may only be answered by repeating, in some fashion, the evidence or testimony offered during the trial itself (emphasis added).' * * * the trial court could have responded to the jury's question by repeating [the witness'] testimony; however, the trial court had no duty to do so."[8]
 {¶ 35} In the instant case, the trial court was being responsive to the question that was asked by the jury. According to State v. Carter and this court's prior holdings, the trial court acted within its discretion to reiterate the stipulated evidence on the point of Hommes' prior conviction. We do not need to consider what the trial court's response would have been to a question concerning physical harm to Heath, because that was not the question that was asked. The trial court could have read the entire stipulation to the jury had it chosen to do so. Instead, it merely reminded the jury that there was a stipulation in evidence for them to consider.
 {¶ 36} The assignment of error is without merit.
 {¶ 37} The judgment is affirmed.
Diane V. Grendell, J., Cynthia Westcott Rice, J., concur.
[1] State v. Carter (1995), 72 Ohio St.3d 545, 553.
[2] Crim.R. 52(B).
[3] State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
[4] State v. Moreland (1990), 50 Ohio St.3d 58, 62.
[5] State v. Jenks (1991), 61 Ohio St.3d 259, 282, quotingState v. Watson (1991), 61 Ohio St.3d 1, 6.
[6] State v. Shaffer, 11th Dist. No. 2001-T-0036,2003-Ohio-6701, at ¶ 51, quoting State v. Montgomery (1990),61 Ohio St.3d 410, 413, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
[7] State v. Carter, supra, at 553.
[8] State v. Brown (Mar. 31, 2000), 11th Dist. Nos. 95-T-5349 and 98-T-0061, 2000 Ohio App. LEXIS 1430, at *9-10, quotingState v. Frost (1984), 14 Ohio App.3d 320, 322.