On February 3, 1977, Winston Willis (defendant) was arrested; and, on the next day, he was charged with the illegal sale of liquor in violation of R. C. 4301.58. A motion by the defendant to suppress physical evidence was granted by the trial court on February 23, 1977.
The city of Cleveland entered a nolle prosequi on the February 3rd charge and reinstituted charges for illegal sale of liquor on February 23, 1977.[2] Four continuances were granted.
The case was dismissed May 4, 1977, on double jeopardy grounds.
The dismissal was appealed to this court. On December 18, 1978, the court reversed the dismissal and remanded the case to the Cleveland Municipal Court.
The case was reassigned for trial on October 25, 1979. A plea of not guilty was entered by defendant's attorney.
On October 31, 1979, the defendant made a motion to dismiss for denial of his right to a speedy trial in violation of R. C.2945.71 et seq. The motion was granted on November 29, 1979. The state of Ohio has appealed assigning one error. For reasons adduced below, the ruling of the trial court is affirmed.
Assignment of Error:
"The Trial Court Erred in Granting Defendant's Motion to Dismiss Because He was not Brought to Trial Within the Statutory Time Period."
Defendant was charged with violation of R. C. 4301.58. R. C.4301.99(C) provides that:
"Whoever violates section * * * 4301.58 * * * of the Revised Code is guilty of a misdemeanor of the first degree."
Under R. C. 2945.71 (B)(2), a person charged with a misdemeanor of the first degree shall be brought to trial within ninety days after his arrest or the service of summons.
As noted above, the trial court's dismissal of May 4, 1977, was reversed and remanded on December 18, 1978. The case was not reassigned for trial until October 25, 1979. Appellant attempts to excuse the long delay by stating that, after the *Page 130 
reversal and remand, "the file and the mandate relative to this case was not received by the Cleveland Municipal Court until October 5, 1979 and October 9, 1979 respectively" (brief of appellant). The argument is without merit.
While delivery of the file and the mandate to the Municipal Court may have been delayed through no fault of the prosecutor, no demonstration has been made of any attempt on the part of the prosecutor to determine the date that this court (the Court of Appeals) acted, with respect to the remand, or the cause for the delay.
Parties are responsible for keeping abreast of the status of cases in which they are involved, including dispositions. Here, once the appellate court had reversed and remanded, the city of Cleveland, on behalf of the state of Ohio, had the duty to proceed with the prosecution. An apparent clerical delay did not excuse nonperformance of that duty.
Appellant also argues that only the constitutional, and not the statutory, guarantee of a speedy trial applied to this case after the appellate court's reversal and remand of December 18, 1978. Precisely, the appellant asserts that:
"Where an appellate court reverses an erroneous dismissal and remands the case for trial, the requirement for a speedy trial is governed by the constitutional standard of reasonableness."
Appellant cites two cases, State v. Gettys (1976), 49 Ohio App.2d 241, and State v. McAllister (1977), 53 Ohio App.2d 176. Both are distinguishable.
Gettys was an appeal from defendant's conviction for possession of an hallucinogen. A prior conviction had been reversed on appeal and the case remanded for further proceedings. A second trial resulted in a conviction and sentence. In ruling on defendant's subsequent appeal for denial of his statutory right to a speedy trial the court stated:
"We are cited further to R. C. 2945.71 (B), which reads:
"`A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
"`(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the *Page 131 
maximum penalty is imprisonment for not more than sixty days * * *.'
"It will be noted that this section is specifically directed to an original trial and was not in effect at the time of the first trial of this cause. It requires a trial within a specified period after arrest or service of summons. It is, on reversal and retrial, impossible to comply with these requirements. Had the legislature wished to have established a maximum time before retrial it could have so stated. It did not and it is not the function of this court to fill the omission by what would amount to judicial legislation. The statute has no application." Gettys, supra, at 243.
The appellant in McAllister was indicted for grand theft, entered a plea of no contest, and found guilty. The plea was later set aside and the appellant was tried before a jury and found guilty. Appellant appealed asserting "* * * that the court erred in not granting a motion for dismissal based upon R. C.2945.71 et seq., * * *." Id., at 177.
The court cited Gettys with approval and concluded:
"We perceive no difference for purposes of the statute between a retrial following a reversal of a conviction and a trial following the vacation of a conviction based on a no contest plea, as occurred in this case. The provisions of Ohio's speedy trial statutes, R. C. 2945.71 et seq., are directed solely to an original trial following the arrest of a defendant, and have no application to the time within which a defendant must be tried following the vacation of a no contest plea on his own motion." McAllister, supra, at 178.
Ohio's speedy trial statutes require that defendants be speedily brought to trial for a variety of substantial reasons. These include a concern that a defendant not be put to his defense after the evidence has grown "cold," or lost, or been dissipated by the death or disappearance of witnesses. In bothGettys and McAllister, this objective was satisfied by the record in the initial trials. In the present case, the defendant has never had a trial. The erroneous granting of his May 4, 1977 motion to dismiss, along with the subsequent reversal and remand, was not the equivalent of a trial. No full record was made or preserved. Thus, the objectives of the speedy trial statutes were unsatisfied. The long delay between the reversal *Page 132 
and remand on December 18, 1978, and the reassignment on October 25, 1979, justified the action of the trial court.
The assignment of error is without merit.
Judgment affirmed.
KRENZLER, C. J., and SILBERT, J., concur.
SILBERT, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.
[2] While the record lacks clarity, the parties are in substantial agreement as to the procedural aspects of this case.