THE STATE OF OHIO, APPELLEE, *v.* FROST, APPELLANT.

(No. 3255—Decided March 12, 1984.)

*Ms. Janet E. Virostek,* for appellee.

*Ms. Irene K. Makridis,* for appellant.

COOK, P.J. On March 21, 1983, appellant, Gary E. Frost, was tried before a jury on the charge of driving while under the influence of alcohol (R.C. 4511.19). The jury began its deliberations on the 21st, but returned to court on March 22 to continue said deliberations.

On that date, the jury submitted ten

questions in writing to the court. The first and third questions concerned evidence submitted during trial. The court attempted to clarify the evidence for the jury by questioning the Ohio State Patrol trooper, who was the arresting officer, in the presence of the jury. The record indicates counsel for appellant objected to the questions asked of the trooper by the trial judge. The objection was overruled. The tenth question submitted by the jury requested the court to define "reasonable doubt" again. The court re-read the statutory definition of reasonable doubt after voicing his personal opinion that the definition was written by "lay people" because there are so few lawyers in the legislature. Appellant did not object to the court re-reading said definition to the jury. At this point, a bench conference occurred.

The jury returned a verdict of guilty as charged. The court sentenced appellant.

Appellant has appealed the judgment of the trial court and has filed the following three assignments of error:

"1. The trial court erred in failing to comply with the requirement of Criminal Rule 30 that opportunity shall be given to make objections to jury instructions out of the hearing of the jury.

"2. The trial court erred [in] its questioning of the arresting officer in the presence of the jury upon the jury's return to the courtroom after its retirement with a written list of questions of law and fact.

"3. The trial judge erred in improperly and wrongfully expressing his personal opinions on the statutory definition of reasonable doubt and in improperly defining 'under the influence of alcohol.' "

The first and third assignments of error are without merit, but the second assignment of error is well-taken.

Appellant first contends the trial court erred in failing to comply with Crim. R. 30 since it did not give counsel an opportunity to object, out of the hearing of the jury, to the instructions he gave the jury while answering its questions.

Such contention is not demonstrated by the record before this court. Appellant has filed only a partial transcript of proceedings. The partial transcript does not contain the total proceedings before the court relative to the questions raised by the jury. It does not indicate that the jury returned to its jury room and resumed its deliberations.

Crim. R. 30(A), in pertinent part, provides:

"* * * A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The above language of Crim. R. 30(A) is applicable to instructions given after the jury has begun its deliberations, as in the instant cause, as well as instructions given the jury before it first retires to consider its verdict.

However, the record does not indicate the court failed to give counsel an opportunity, out of the hearing of the jury, to object to his additional instructions before the jury returned to its deliberations.

All reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review and of the regularity and legality of the proceedings below. *In re Sublett* (1959), 169 Ohio St. 19 [7 O.O.2d 487]. Appellant has failed to overcome the presumption of regularity as to whether the trial court gave counsel an opportunity to object to his additional instructions, out of the hearing of the jury, before the jury retired to resume its deliberations.

Appellant next contends the court erred in questioning the trooper in the presence of the jury in his attempt to clarify evidence, as requested to do by the jury.

Crim. R. 30(B) provides:

"Cautionary instructions. At the commencement and during the course of the trial, the court may give the jury cautionary and other instructions of law relating to trial procedure, credibility and weight of the evidence, and the duty and function of the jury and may acquaint the jury generally with the nature of the case."

Action by the trial court pursuant to Crim. R. 30(B) is discretionary and should not be disturbed on review unless the court abuses its discretion.

In the criminal context, "abuse of discretion" was defined by the Ohio Supreme Court in *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157-158 [16 O.O.3d 169], as follows:

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O.148]; *Conner* v. *Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480]; *Chester Township* v. *Geauga Co. Budget Comm.* (1976), 48 Ohio St. 2d 372 [2 O.O.3d 484]."

In the instant cause, the trial court answered the jury's first and third questions as to evidentiary matters by interrogating the arresting officer, an Ohio State Patrol trooper, as to said evidence in the presence of the jury. This action by the trial judge to "acquaint the jury generally with the nature of the case" was unreasonable, arbitrary and unconscionable and constituted an abuse of the court's discretion.

Any question by the jury during its deliberations, as to matters of evidence, if answered by the court, may only be answered by repeating, in some fashion, the evidence or testimony offered during the trial itself.

As his last assignment of error, appellant contends the trial court erred in expressing his personal opinions as to the statutory definition of "reasonable doubt" and improperly defined "under the influence of alcohol."

As to the statutory definition of "reasonable doubt," the court did tell the jury there were only twelve lawyers in the legislature and the definition of "reasonable doubt" was drafted by lay people. While such comments are improper, we conclude they did not prejudice appellant in any way.

As to the court's instruction as to the definition of "under the influence of alcohol," the record does not indicate any objection to such instruction by counsel for appellant. As mentioned earlier, as to the first assignment of error, the transcript of proceedings filed with this court is only a partial transcript and does not demonstrate that appellant was not given an opportunity, out of the hearing of the jury, to object to said instruction. We must presume the regularity of the proceedings below and conclude appellant did not object to said instruction.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DAHLING and FORD, JJ., concur.