OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Theresa Hull appeals the decision of the County Court, Area No. 4, Mahoning County, Ohio, finding her guilty of one count of driving under the influence in violation of R.C. 4511.19(A)(1)(3), a misdemeanor of the first degree.
 {¶ 2} With this challenge, Appellant brings six assignments of error. First, Hull claims the State impermissibly amended the charge from an alleged violation of R.C. 4511.19(A)(3) to a violation of R.C.4511.19(A)(1). Second, Hull maintains her right to a speedy trial was violated. Third, Hull argues the trial court abused its discretion by allowing into evidence the results of a portable breath test. Fourth, Hull alleges the trial court abused its discretion by allowing testimony as to what her blood alcohol content was based upon the horizontal gaze nystagmus test. Fifth, Hull claims that the trial court erroneously responded to an evidentiary question from the jury by implying that there existed additional facts not in evidence. Finally, Hull alleges that the trial court erred by denying her motion to dismiss for the State's failure to provide a bill of particulars. Because all of these assignments of error are meritless, the decision of the trial court is affirmed.
 Facts {¶ 3} On October 13, 2001, Hull was stopped by Trooper Hughes from the Ohio State Highway Patrol for speeding. The trooper testified he detected an odor of alcohol as well as slurred speech. He proceeded to administer field sobriety tests which Hull failed. The trooper placed Hull under arrest and took her to the station where she was given a breath alcohol test.
 {¶ 4} Hull filed a motion to suppress the results of her breath-alcohol test which the trial court denied after an evidentiary hearing. Thereafter, Hull entered a plea of no contest to the charge of driving while intoxicated. The trial court found Hull guilty and sentenced her accordingly. Hull appealed both her sentence and conviction. Because this court concluded that the State failed to meet its burden of proving substantial compliance with the administrative regulations and the trial court erred by finding Hull guilty with no explanation of circumstances, we reversed the judgment of the trial court, vacated Hull's plea and remanded the case for further proceedings. The State filed a motion for reconsideration, which this court denied.
 {¶ 5} Upon remand, the State reinstated its initial charge of R.C.4511.19(A)(1). Hull then filed a motion to dismiss based upon a speedy trial violation which the trial court denied. On December 4, 2003, Hull was brought to trial and was convicted of driving under the influence.
 Amended Charge {¶ 6} As her first assignment of error, Hull claims:
 {¶ 7} "The trial court erred when the State of Ohio was permitted to amend the charge from an alleged violation of R.C. 4511.19(A)(3) to a violation of R.C. 4511.19(A)(1) thereby denying defendant his right to due process as guaranteed under the Fourteenth Amendment, United States Constitution."
 {¶ 8} In this case, Hull was initially charged with both driving under the influence in violation 4511.19(A)(1) and (A)(3). These sections provide respectively:
 {¶ 9} "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 {¶ 10} (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
 {¶ 11} * * *
 {¶ 12} (3) The person has a concentration of ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath."
 {¶ 13} When Hull initially pled no contest to the (A)(3) charge in the original proceedings, the State dismissed the (A)(1) charge. Hull appealed her conviction on that charge, which was ultimately reversed by this court. Upon remand, the State reinstated the (A)(1) charge. Hull now claims that the State impermissibly amended the charge as it changes the nature and identity of the charge.
 {¶ 14} The Supreme Court of Ohio resolved this very issue in State v.Campbell, 100 Ohio St.3d 361, 2003-Ohio-6804. In that case, the ticket stated that the defendant had taken a breath test and had been driving under the influence of alcohol. The ticket charged Campbell with a violation of R.C. 4511.19(A)(5), which prohibited driving with a prohibited concentration of alcohol in the blood. The State amended the charge to a violation of R.C. 4511.19(A)(6), which prohibited driving with a prohibited concentration of alcohol in the breath.
 {¶ 15} The Supreme Court held that the amendment of a criminal charge from one subparagraph of R.C. 4511.19(A) to another subparagraph of the same subsection does not change the name and identity of the charged offense within the meaning of Crim.R. 7(B). More specifically, the Supreme Court concluded that a ticket that cited the wrong subsection of the Revised Code adequately advised the defendant of the charged offense.
 {¶ 16} In applying the Supreme Court's holding, which, notably, neither party references in their briefs, we conclude that Hull was not unduly surprised by the amendment. It is clear from her ticket that she was charged with driving under the influence of alcohol. The arresting officer clearly circled "alcohol" and additionally noted that no drugs were involved. Consequently, Hull could not be confused as to which portion of (A)(1), alcohol or drug of abuse, that she had been charged. Accordingly, Hull's first assignment of error is meritless.
 Speedy Trial {¶ 17} As her second assignment of error, Hull alleges:
 {¶ 18} "The trial court erred by failing to grant the Defendant's motion to dismiss the complaint against the Defendant for failure to bring the defendant to trial within the time limits proscribed by R.C.2945.71."
 {¶ 19} Hull asserts that the speedy trial clock recommenced running after the vacation of her conviction and remand for further proceedings, citing the Eighth District's holding in State v. McCormick (1988),41 Ohio App.3d 158. Hull claims that McCormick stands for the proposition that the right to a speedy trial is not waived by a defendant's plea of no contest and that the time limit provided in R.C.2945.71 recommences from the date the opinion of the appellate court is rendered.
 {¶ 20} However, the actual holding of the case reads as follows:
 {¶ 21} "For purposes of the time limits contained in R.C. 2945.71(B), the time within which a defendant must be brought to trial recommences running when the appellate court remands the case for further proceedings subsequent to the defendant's appeal of the trial court's judgment overruling his motion to dismiss the charge." Id. at syllabus.
 {¶ 22} The McCormick court explained:
 {¶ 23} "Although the time limit does not apply to convictions which have been reversed and remanded for retrial, State v. Saunders (1984),23 Ohio App.3d 69, 23 OBR 132, 491 N.E.2d 313, the time limit does apply when an appellate court remands a case for trial. State v. Willis
(1980), 69 Ohio App.2d 128, 23 O.O.3d 332, 432 N.E.2d 219. In the instant case, the first appeal was taken from the judgment of the trial court overruling appellant's motion to dismiss the drug abuse offense, but no trial was ever held on that offense. In affirming that decision this court, in effect, remanded the case for further proceedings. Hence, the time limit provided in R.C. 2945.71 recommenced from the date our opinion was journalized on May 5, 1986. Cleveland Heights v. Richardson
(1983), 9 Ohio App.3d 152, 154, 9 OBR 218, 220, 458 N.E.2d 901, 903." Id. at 159.
 {¶ 24} The McCormick case is easily distinguishable from the present case in that Hull was in fact found guilty prior to her original appeal whereas McCormick was not. One could argue that the decision inMcCormick is limited to situations where cases are sent back for retrials. Or in other words, McCormick's holding would only apply if a defendant had been both tried and convicted before their appeal. However, prior to its decision in McCormick, the Eighth District decidedState v. McAllister (1977), 53 Ohio App.2d 176, where it was determined:
 {¶ 25} "We perceive no difference for purposes of the statute between a retrial following a reversal of a conviction and a trial following the vacation of a conviction based on a no contest plea, as occurred in this case. The provisions of Ohio's speedy trial statutes, R.C. 2945.71 et seq., are directed solely to an original trial following the arrest of a defendant, and have no application to the time within which a defendant must be tried following the vacation of a no contest plea on his own motion." Id at 178.
 {¶ 26} In interpreting the holdings of those two cases, the Sixth District stated in State v. Mintz (1991), 74 Ohio App.3d 62, "We find that it is clear that the court held in McAllister that the constitutionally guaranteed speedy trial time was tolled while the accused was convicted of the charges, not because of his plea of no contest." Id. at 68. The Mintz court went on to explain that the common denominator that stopped the running of the speedy trial clock inMcCallister and McCormick was the ultimate finding of guilt, whether it was made by a jury or by the judge accepting the no contest plea.
 {¶ 27} This reasoning was followed by the Tenth District in State v.Carroll (Oct. 17, 2000), 10th Dist. No. 00AP-219 where the court held that, because the defendant waived his right to a jury trial and pled no contest to the charges, the trial court was required to determine his innocence or guilt within the time limits provided in the speedy trial statute. Id. citing Mintz. The Tenth District explained, that under R.C.2945.71(B)(2), the trial court was to determine appellant's guilt or innocence within ninety days after his arrest. See also State v. Davis
(July 18, 1997), 2d Dist. No. 16050 (holding that a no contest plea, coupled with the resulting conviction, constitutes a defendant's original trial). See also State v. Studer (June 23, 1999), 3d Dist. No. 10-98-20.
 {¶ 28} In contrast, the Eighth District has recently revisited its prior opinions in State v. Parker (June 10, 2004), 8th Dist. No. 82687, where it commented that
 {¶ 29} "in cases where the defendant has had no trial, i.e., pled no contest, and the reviewing court is remanding the matter for further proceedings, R.C. 2945.71 does apply. State v. McCormick (1988),41 Ohio App.3d 158, 534 N.E.2d 942, citing State v. Willis (1980),69 Ohio App.2d 128, 432 N.E.2d 219. Compare State v. McAllister
(1977), 53 Ohio App.2d 176, 372 N.E.2d 1341 (holding that "Ohio's speedy trial statutes are directed solely to an original trial following the arrest of a defendant, and have no application to the time within which a defendant must be tried following the vacation of a no contest plea")." Id. at 3.
 {¶ 30} However, in citing to McCormick, the Eighth District misconstrues its previous holding. McCormick did not deal with a no contest plea. Rather, McCormick involved a motion to dismiss. Significantly, a finding of guilt was not made by the trial court inMcCormick. In the present case, a finding of guilt was in fact made by the trial court and Hull was convicted.
 {¶ 31} After a thorough review of the relevant caselaw, we agree with the logic of McCallister, Mintz, Carroll, Davis, and Studer. We find that Hull would simply have to be brought to trial upon remand within a reasonable period of time as required by the Sixth Amendment. McAllister
at page 179. In this case, it took the State 149 days to bring Hull to trial after remand. The delay in this case would not be presumptively prejudicial since "a one-year delay between indictment and trial is generally considered the minimum amount of time required to trigger a full Barker analysis." State v. Anderson (May 16, 2003), 7th Dist. No. 2002 CO 30 at 2, citing State v. Selvage (1997), 80 Ohio St.3d 465, 468;State v. Triplett (1997), 78 Ohio St.3d 566, 569. Because Hull was brought to trial within a reasonable period of time upon remand, we find this assignment of error to be meritless.
 Evidentiary Rulings Without a Complete Transcript {¶ 32} As her third assignment of error, Hull alleges:
 {¶ 33} "Over the objection of the Defendant, the trial court erroneously allowed into evidence testimony as to the results of a non-evidentiary breath instrument to the substantial prejudice of Defendant."
 {¶ 34} With this assignment of error, Hull claims that the trial court allowed the arresting officer to testify that Hull failed a portable breath test at the scene of the traffic stop. However, the transcript in this case is filled with inaudible portions as it was recorded with microphones instead of by a court reporter. Unfortunately, there is no record of the officer's response to the question regarding the portable breath test and Hull has provided no alternate source to supplement the record.
 {¶ 35} It was Hull's duty as appellant to provide all transcripts necessary for the full review of the issues presented on appeal:
 {¶ 36} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See Statev. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 37} Without a complete transcript, this court must presume the regularity of the proceedings below. Because this court has nothing to pass upon, this assignment of error is also meritless.
 {¶ 38} As her fourth assignment of error, Hull claims:
 {¶ 39} "Over the objection of the Defendant, the trial court erroneously allowed into evidence testimony as to what the Defendant's blood alcohol content (BAC) was based upon the results of the horizontal gaze nystagmus test (HGN)."
 {¶ 40} Once again, portions of the record needed for this court's review are missing as they were deemed "inaudible" by the court reporter transcribing the record. Although it is possible to glean what might havetranspired during the officer's objectionable testimony by reviewing the sidebar which occurred after the testimony was given, it would not be proper for us to guess at what might have happened. Once again, we must presume the regularity of the proceedings below and we conclude this error is meritless.
 Response to Jury Question {¶ 41} As her fifth assignment of error, Hull claims:
 {¶ 42} "Over the objection of the Defendant, the Trial Court erroneously responded to an evidentiary question from the jury by implying that there existed additional facts not in evidence."
 {¶ 43} Hull claims that the trial court inappropriately responded to the jury's question by suggesting that there existed additional facts not in evidence. More specifically, when the jury inquired during deliberations whether Hull was offered to take a breathalyzer test at the station to which the trial court responded, "You must base your decision solely on the evidence presented at trial, you must rely upon your own mind and memory."
 {¶ 44} As a general rule, if a party does not object to a jury instruction before the jury retires to consider its verdict, then that party has waived all arguments regarding those jury instructions except for plain error. State v. Hartman, 93 Ohio St.3d 274, 289, 2001-Ohio-1580. But, this rule does not apply when, as in this matter, the jury asks for further instruction or for clarification of a previously given instruction. When this happens, a trial court has discretion in formulating its response and its decision will only be reversed for an abuse of that discretion. State v. Carter, 1995-Ohio-104,72 Ohio St.3d 545, paragraph one of the syllabus.
 {¶ 45} The jury instruction as a whole must be considered to determine if there was prejudicial error. State v. Noggle, 140 Ohio App.3d 733,750, 2000-Ohio-1927. The trial court's response, when viewed in its entirety, must constitute a correct statement of the law, consistent with or properly supplementing the jury instructions that have previously been given. See Watkins v. Cleveland Clinic Found. (1998),130 Ohio App.3d 262, 277. An appellate court will only find reversible error where a jury instruction has, in effect, mislead the jury. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312.
 {¶ 46} Although the trial court appears to have made a correct statement of the law when answering the jury's question, Hull claims that the trial court should have given a "non-answer" instead. In support of this contention, Hull cites to State v. Frost (1984), 14 Ohio App.3d 320
where the Eleventh District held:
 {¶ 47} "Any question by the jury during its deliberations, as to matters of evidence, if answered by the court, may only be answered by repeating, in some fashion, the evidence or testimony offered during the trial itself." Id. at 322.
 {¶ 48} In Frost, the trial court was found to have abused its discretion when the trial court answered the jury's questions as to evidentiary matters by interrogating the arresting officer, an Ohio State Patrol trooper, as to the evidence in the presence of the jury. This clearly is not analogous to the facts in this case. Interestingly, inState v. Brown (Mar. 31, 2000), 11th Dist. Nos. 95-T-5349, 98-T-0061, the Eleventh District applying Frost, found that the trial court did not abuse its discretion by refusing to answer the jury's question and telling the jury to rely on its recollection of the evidence presented at the trial.
 {¶ 49} In this case, the only thing the trial court said any differently than the court in Brown was that the jury must base its decision solely on the evidence presented at trial. This correct statement of the law neither mislead the jury nor constitutes an abuse of discretion. Accordingly, this assignment of error is also meritless.
 Bill of Particulars {¶ 50} As her sixth and final assignment of error, Hull claims:
 {¶ 51} "The trial court erred and deprived the Defendant of a fair trial as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitutions and Section 16, Article I of the Ohio Constitution through denying defendant's motion to dismiss for the prosecutor's failure to provide bill of particulars."
 {¶ 52} Hull requested a bill of particulars in the original proceedings in 2001, but, apparently, the State never responded to this request. Hull did not raise this as an assignment of error in her first appeal. In fact, she did not mention this error until moments before the start of her trial on remand when counsel argued that the preparation of her defense had been hindered by the lack of a bill of particulars. Counsel then asked that the case be dismissed.
 {¶ 53} The State now argues that Hull has waived the bill of particulars since she did not challenge the State's failure in her initial appeal. We agree. Because this assignment of error could have been raised in her initial appeal, the doctrine of res judicata has barred this challenge. See Parker, supra (where Eighth District barred speedy trial claim on second hearing of the case when the issue was not raised in the initial appeal.) Accordingly, it appears this assignment of error is likewise meritless.
 {¶ 54} The judgment of the trial court is affirmed.
Donofrio, P.J., concurs in judgment only.
Vukovich, J. concurs. See concurring opinion.