OPINION
{¶ 1} Defendant-appellant, Sally A. Kress, appeals her guilt finding in the Clinton County Municipal Court on one count of interfering with civil rights, in violation of Sabina Village Code 136.12. Appellant also appeals the sentence imposed by the trial court upon her conviction. For the reasons that follow, we affirm both appellant's guilt finding and sentence.
 {¶ 2} Appellant served on the Sabina Village council from 2001 to 2005. In January 2004, appellant served as a member of the council's finance committee, where a portion of her duties included finding cost effective, quality healthcare benefits for village employees. *Page 2 
 {¶ 3} On the evening of a finance committee meeting in January 2004, appellant obtained an invoice from another village council member, listing the names, social security numbers and health plan coverage type and cost information of a number of village employees. The document also listed the total monthly amount due from the village for benefits provided to these employees. Appellant requested this document because she was interested in determining how much the village was paying in healthcare premiums for its employees. It is undisputed she was permitted to obtain the subject document due to her position as a village council member.
 {¶ 4} Following the finance committee meeting, appellant took the subject document home with her. After allegedly misplacing it, however, appellant and her friend, Robert Powers, went to the village offices and obtained a second copy.[1] Conflicting testimony was presented at trial as to whether it was appellant or Mr. Powers who actually requested the document during this visit. Nevertheless, it is undisputed that appellant and Mr. Powers arrived at the village offices together to obtain the document, and proceeded to leave together directly after obtaining it.
 {¶ 5} After leaving the village offices, appellant accompanied Mr. Powers to Rodney Haines' house, where Mr. Powers transferred the document to Mr. Haines. Mr. Haines is a private citizen of Sabina and an active contributor to the "Town Hall" internet website. This website allows users to post various comments on village matters and often portrays village officials in an unflattering light. After receiving the document, however, Mr. Haines noticed that it contained social security numbers, and therefore, promptly returned the document to the village's mayor.
 {¶ 6} Notably, the social security numbers listed on the document were listed under a column entitled "ID", and were not presented with the typical two dashes separating the third *Page 3 
and fourth, and fifth and sixth digits of the numbers. Evidence presented at trial indicated that these numbers also served as medical identification numbers for the village employees.
 {¶ 7} Upon learning of the disclosure of the subject document to Mr. Haines, a number of village employees became upset, prompting the village to initiate the instant criminal proceeding. The village initially named "John Does" as defendants and requested the trial court to conduct a Crim.R. 4 hearing to determine whether the village had probable cause to believe a crime had been committed, as well as to identify who committed it. After the trial court's conclusion of the Crim.R. 4 hearing, the court ordered that appellant be charged with one first-degree misdemeanor count of interfering with civil rights, in violation of Sabina Village Code 136.12.[2]
 {¶ 8} A trial was held on March 10, 2006, at the conclusion of which the judge instructed the jury on the elements of the offense of interfering with civil rights. Further, and of significance to this case, the judge instructed the jury that village employees have a "constitutionally protected property interest in their social security numbers as a means of identification" and a "constitutionally protected privacy right to have their social security numbers protected from disclosure by their * * * employers." During its deliberation, the jury submitted a written question to the court, asking whether "the instructions limit [them] to considering only the [social security] numbers as private." After allowing both the village and appellant to be heard on this issue, the trial court answered the jury by simply stating, "no."
 {¶ 9} After completing its deliberation, the jury returned a guilty verdict. Appellant was later sentenced to a jail term of 90 days, with 80 days to be suspended for two years on probation, as well as 60 hours of community service. Appellant now appeals both her conviction and sentence, raising four assignments of error.
 {¶ 10} Assignment of Error No. 1: *Page 4 
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ERRONEOUSLY INSTRUCTING THE JURY ON THE OFFENSE OF INTERFERING WITH CIVIL RIGHTS."
 {¶ 12} In her first assignment of error, appellant argues the trial court improperly instructed the jury on the offense of interfering with civil rights when it answered "no" to the jury's question as to whether social security numbers were the only item the jury members were permitted to consider as "private." Appellant maintains that the court's answer to the jury's question was legally incorrect because it instructed the jury that information other than social security numbers was constitutionally or statutorily protected. We find appellant's contentions to be unpersuasive.
 {¶ 13} As a general rule, a party waives all arguments concerning jury instructions, except for plain error, where the party fails to object to such instructions "before the jury retires to consider its verdict." SeeState v. Hull, Mahoning App. No. 04 MA 2, 2005-Ohio-1659; see, also,State v. Hartman, 93 Ohio St.3d 274, 289, 2001-Ohio-1580. This rule does not apply, however, when the jury asks for further instruction or for clarification of a previously given instruction. See id.
 {¶ 14} "Where, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request." See State v. Carter, 72 Ohio St.3d 545, 553, 1995-Ohio-104; see, also,State v. Kersey (1997), 124 Ohio App.3d 513, 520. Accordingly, "reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion." SeeCarter. "An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." See State v. King, Butler App. No. CA2004-03-058, 2005-Ohio-3623. *Page 5 
 {¶ 15} In making this determination, "the jury instruction as a whole must be considered to determine if there was prejudicial error." SeeHull; see, also, State v. Noggle, 140 Ohio App.3d 733, 750,2000-Ohio-1927. "The trial court's response, when viewed in its entirety, must constitute a correct statement of the law, consistent with or properly supplementing the jury instructions that have previously been given." See Hull; see, also, Watkins v. Cleveland ClinicFound. (1998), 130 Ohio App.3d 262, 277. However, "an appellate court will only find reversible error where a jury instruction has, in effect, misled the jury." See Hull; see, also, Sharp v. Norfolk W. Ry.Co., 72 Ohio St.3d 307, 312, 1995-Ohio-224.
 {¶ 16} In this case, appellant was charged with interfering with civil rights, in violation of Sabina Village Code 136.12. This section provides: "No public servant, under color of his or her office, employment, or authority, shall knowingly deprive, conspire or attempt to deprive any person of a constitutional or statutory right." Accordingly, the trial court instructed the jury as follows, prior to its deliberation:
 {¶ 17} "The Prosecution claims that Sally Ann Kress, a member of the Village of Sabina council, a person acting under the color of State or local law and for a local government entity deprived certain village employees of their constitutionally or statutorily protected property rights and rights of privacy.
 {¶ 18} "You are instructed that the employees have a constitutionally protected property interest in their social security numbers as a means of identification. You are instructed that employees have a constitutionally protected privacy right to have their social security numbers protected from disclosure by their * * * employers * * *."
 {¶ 19} The record indicates that the jury submitted a written question to the court during its deliberation, asking the following question: "Do the instructions limit us to considering only the soc. sec. numbers as private?" [sic] After receiving this question from *Page 6 
the jury, the court allowed both the village and appellant to be heard on the matter. The village requested the court to simply answer "no," because the evidence presented at trial indicated that other information listed on the subject document was private. Appellant, on the other hand, objected to this proposition, arguing the jury instructions submitted by the village only mentioned social security numbers as private information. The trial court, noting that the village offered evidence at trial that other information listed on the subject document was private and that appellant did not object to the original instructions submitted by the village, answered the jury's question by simply stating, "no."
 {¶ 20} Appellant argues the trial court erred by effectively instructing the jury that all of the information listed on the subject document was statutorily or constitutionally protected. We decline, however, to read appellant's interpretation into the trial court's response to the jury's question. As an initial matter, we note that the jury did not ask, and the trial court did not answer, whether any specific information, other than social security numbers, was constitutionally or statutorily protected. Rather, the trial court instructed the jury that it was not limited to considering only social security numbers as "private."
 {¶ 21} Further, even assuming the court's answer to the jury's question amounted to an instruction that the jury was permitted to consider information other than social security numbers as statutorily or constitutionally protected, we cannot conclude that such an instruction was a misstatement of the law. The village offered testimony at trial that the social security numbers listed on the subject document were also medical identification numbers. Both state and federal statutes confer upon employees a privacy right against the disclosure of personal information, such as medical identification numbers. See e.g. R.C. 1347.10; Section 552a, Title 5, U.S. Code; Section 1320d-6, Title 42, U.S. Code.[3] As a *Page 7 
result, although the trial court did not specifically identify what information contained on the subject document was or was not constitutionally or statutorily protected, we cannot find that the trial court improperly or incorrectly instructed the jury as to what was or was not a constitutionally or statutorily protected right.
 {¶ 22} Based upon the foregoing, we find no abuse of discretion in the trial court's response to the jury's question, and overrule appellant's first assignment of error accordingly.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION FOR INTERFERING WITH CIVIL RIGHTS."
 {¶ 25} In her second assignment of error, appellant contends there was insufficient evidence to demonstrate that she knowingly deprived a person of a constitutional or statutory right. Appellant alleges she did not know disclosing social security numbers or information relating to health insurance would violate a person's constitutional or statutory rights because no one informed her that it was impermissible to disclose this information, and because she does not possess the legal repertoire to know what constitutes a protected right. We find appellant's arguments to be without merit.
 {¶ 26} "Sufficiency" is the legal standard applied "to determine whether the case may go the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." SeeState v. Robinson, Fayette App. No. CA2005-11-029, 2007-Ohio-354, ¶ 11. We review the sufficiency of the evidence supporting a criminal conviction by examining the evidence offered at trial to determine whether such evidence, if believed, would support a conviction. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." See State v. Haney, Clermont App. No. CA2005-07-068,2006-Ohio-3899; see, also, Robinson. *Page 8 
 {¶ 27} To support a conviction for interfering with civil rights, a jury must find beyond a reasonable doubt that the defendant, a public servant, acted under the color of her office, employment or authority to knowingly deprive, conspire or attempt to deprive a person of a constitutional or statutory right. See Sabina Village Code 136.12. In this case, the trial court instructed the jury regarding the element of knowledge with reference to Ohio Jury Instruction 409.11, which cites to R.C. 2901.22(B). This section defines "knowingly" as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 28} This court has previously explained that "the mental state of `knowingly' does not require the offender to have the specific intent to cause a certain result. * * * If a given result is probable, a person will be held to have acted knowingly to achieve it because one is charged by the law with knowledge of the reasonable and probable consequences of his own acts." See Robinson ¶ 18. Moreover, "absent a defendant's admission regarding his knowledge or intent, whether a person acts knowingly can only be determined from all the surrounding facts and circumstances, including the doing of the act itself." See id.
 {¶ 29} Our review of the record in this case demonstrates that sufficient evidence was presented at trial for the jury to conclude appellant acted knowingly in disclosing protected information. As an initial matter, the record indicates that appellant originally obtained the subject document by virtue of her position on the village council finance committee, a position that necessarily required appellant to act with trust and confidence in serving the citizens of Sabina. The record demonstrates that at the time appellant received the subject document, it contained various employees' names, social security numbers and health insurance coverage information. Significantly, appellant testified that she took the document home with her following the finance committee meeting in January 2004, and thereafter had the *Page 9 
document in her possession for a period of several days.
 {¶ 30} Although appellant claimed she did not know the document contained social security numbers, the record demonstrates that the nature of the social security numbers listed on the document as such was readily apparent to the document's recipient, Mr. Haines. The record indicates that after receiving the document, Mr. Haines immediately recognized it contained social security numbers, and promptly returned the document to the mayor. This evidence, if believed by the jury, could support a finding that appellant knew or should have known the document contained village employees' social security numbers.
 {¶ 31} Further, our review of the record indicates that sufficient evidence was presented at trial for the jury to conclude that appellant knowingly disclosed the subject document to Mr. Haines. Appellant testified that after misplacing the document, she and Mr. Powers went to the village offices and obtained a second copy. The record demonstrates that after leaving the village offices with the document in their possession, appellant and Mr. Powers proceeded to travel directly to Mr. Haines' house, where Mr. Powers delivered the subject document to Mr. Haines.
 {¶ 32} Notably, appellant testified she was aware Mr. Haines was an avid contributor to the "Town Hall" internet website, and had an interest in the subject document as evidenced by prior discussions Mr. Powers and Mr. Haines had concerning the costs of healthcare. In fact, several witnesses at trial, including appellant herself, testified that the political atmosphere in Sabina was contentious at the time, with citizens heatedly critiquing village officials in many forums, including the "Town Hall" website.
 {¶ 33} Based upon the foregoing evidence, the jury could find that appellant acted knowingly in disclosing protected information to a private citizen of Sabina. The jury determined the credibility of appellant, along with other witnesses who testified at trial, in making this determination. See State v. DeHass (1967), 10 Ohio St. 2d 230. Accordingly, *Page 10 
we find sufficient evidence was presented at trial to support the jury's conclusion that appellant knowingly deprived village employees of their constitutionally or statutorily protected rights. Appellant's second assignment of error is therefore overruled.
 {¶ 34} Assignment of Error No. 3:
 {¶ 35} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY PRESIDING OVER AN INVESTIGATION THAT DID NOT COMPLY WITH OHIO RULE OF CRIMINAL PROCEDURE 4, AND BY ORDERING THE STATE TO CHARGE APPELLANT WITH A CRIME."
 {¶ 36} In her third assignment of error, appellant argues the trial court erred in presiding over both the Crim.R. 4 proceeding, during which the evidence indicated that appellant should be charged with the instant offense, and appellant's subsequent jury trial. Appellant maintains that the trial court assumed a prosecutorial role in ordering that appellant be charged with the offense of interfering with civil rights after conducting a hearing upon the village's "John Doe" complaint, making it improper for the court to then preside over appellant's trial. We find appellant's arguments as to this issue to be without merit.
 {¶ 37} Pursuant to Crim.R. 4(A)(1), "[i]f it appears from the complaint * * * that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it. * * * Before ruling on a request for a warrant, the issuing authority may require the complainant to appear personally and may examine under oath the complainant and any witnesses."
 {¶ 38} Though Crim.R. 4 is silent as to "John Doe" complaints, it expressly requires a trial court to find both that a crime was committed, and that the defendant committed it, before determining that probable cause exists. In this case, no transcript of the probable *Page 11 
cause hearing was filed with this court, and as such, we must presume the regularity of the hearing held by the trial court. See State v.Gregory, Clinton App. No. CA2006-05-016, 2006-Ohio-7037. Presuming the village presented sufficient evidence of appellant's identity and her involvement in the disclosure of the subject document, the trial court could find both requirements of Crim.R. 4 were satisfied. Appellant cites to no law to the contrary in arguing that the trial court's probable cause hearing did not comply with or was held in contravention to Crim.R. 4.
 {¶ 39} Further, appellant's argument that it was improper for the same judge to preside over both the Crim.R. 4 hearing and appellant's trial is unsupported by law. Ohio courts have previously recognized that "judges who issue arrest warrants and preside at preliminary hearings are not barred from presiding over the defendant's trial, even though they have already found the existence of probable cause." See, e.g.,State v. Kent (Apr. 21, 2000), Hamilton App. Nos.C-990267, C-990268; see, also, State v. Gillard (1988), 40 Ohio St.3d 226, 276. Similarly, a judge's impartiality is not tainted where the judge presides over a motion to suppress hearing, during which he may be exposed to "probative evidence of guilt that may later prove inadmissible." See Kent.
 {¶ 40} Finally, we note that a Crim.R. 4 hearing is a non-adversarial proceeding, the purpose of which is "to permit the prosecuting authority opportunity to discover whether probable cause to pursue a conviction exists. The hearing * * * does not exist to afford the complainant opportunity to press home his allegations * * *." See Metzenbaum v.Vivatonio, Cuyahoga App. Nos. 79477, 79480, 79478, 79481, 79479, 2002-Ohio-489, ¶ 4. As a result, we find no error in the trial judge presiding over both the Crim.R. 4 hearing and appellant's subsequent trial. Appellant's third assignment of error is therefore overruled.
 {¶ 41} Assignment of Error No. 4:
 {¶ 42} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY *Page 12 
SENTENCING APPELLANT TO TEN DAYS IN JAIL."
 {¶ 43} In her final assignment of error, appellant argues the trial court abused its discretion by imposing a jail term where she has never been charged with a criminal offense before, and where there is no demonstrable harm to the village employees whose information she disclosed. Appellant, however, has failed to file a transcript of the sentencing hearing with this court, or an App.R. 9(C) statement in support of her argument.
 {¶ 44} This court has previously held that "[w]hen portions of the transcript necessary for the resolution of assigned errors are omitted from the record, we have nothing to pass upon and have no choice but to presume the regularity of the lower court's proceeding and affirm."Gregory, 2006-Ohio-7037 at ¶ 3. In this case, appellant's fourth assigned error concerns the trial court's imposition of a sentence following a misdemeanor conviction, a matter that is within the discretion of the trial court. See R.C. 2929.21.
 {¶ 45} Without a transcript, this court is without a means to determ ine what information the trial court considered in sentencing appellant, and therefore, cannot determine whether the trial court abused its discretion in imposing the instant sentence upon appellant. We must therefore presume that the trial court properly considered "the overriding purposes of misdemeanor sentencing" of protecting the public from future crime by the offender and others, and punishing the offender, as well as the requisite factors set forth in R.C. 2929.21(A), in sentencing appellant. See id.
 {¶ 46} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 47} Judgment affirmed.
WALSH and YOUNG, JJ., concur.
[1] Mr. Powers had previously served on the village council, but was not a member at the time of these events.
[2] This section is identical to R.C. 2921.45.
[3] The Ohio Supreme Court has held that "the mere existence of [a] statutory scheme is sufficient to support recognizing an individual's expectation of privacy * * *." See State ex rel. Fisher v. Cleveland,109 Ohio St.3d 33, 38, 2006-Ohio-1827. *Page 1