[Cite as *State v. Figueroa*, 2018-Ohio-1453.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0034** |
| JAMIE FIGUEROA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00312.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Andrew R. Zellers,* 3810 Starrs Centre Drive, Canfield, OH 44406 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jamie Figueroa, appeals from the judgment of the Ashtabula County Court of Common Pleas, entered on a jury verdict, sentencing him to a total term of eight years imprisonment following his convictions on three counts of felonious assault, and one of petty theft. Appellant contends he was prejudiced by the trial court's failure to

give certain cautionary instructions. He also contends two of his felonious assault convictions are premised on insufficient evidence. We affirm.

{¶2} On May 16, 2015, appellant entered the Speedway gas station located on State Route 20 in Ashtabula Township, and stole two six packs of beer and some snacks. An employee saw this on the security camera, and told the shift leader, Diana Higley. Ms. Higley went outside, and found appellant seated at the side of the store, drinking a beer. She told him to leave. He got up, pulled a steak knife out of his pocket, and pointed it at her, screaming abuse. Another employee, Melynn McCoy, had stopped by the Speedway to get ice for a party. Ms. Higley asked her to tell the clerk in the store to call the police. Ms. McCoy did so, then returned outside. Danyet Pinney, a third employee, drove into the parking lot shortly after the dispute between Ms. Higley and appellant commenced. A regular patron, Darrell Thompson, had stopped by the store to buy a cigar. He, too, observed the dispute.

{¶3} Appellant was standing about ten feet away from Ms. Higley. Suddenly, he turned the knife around so the blade was pointing out the back of his hand, turned, and leapt at Ms. Higley, striking her in the mouth with his fist. She fell down, covered with blood. Mr. Thompson went to her aid. Appellant took a few steps towards Mr. Thompson, and asked him if he wanted some, too. Appellant had the knife at his side. Mr. Thompson ran around the side of his car for protection. Appellant then fled down a side street.

{¶4} Deputy Sheriff Ted Barger, Jr., responded to the Speedway. He found Appellant in a parking lot approximately 300 yards from the gas station, drinking a beer. The deputy put him under arrest, and returned with him to the gas station, where the victims and witnesses identified him. Mr. Thompson found the knife in a ditch nearby.

2

{¶5} Ms. Higley required 12 stitches to her mouth. One of her teeth was knocked loose and suffered root damage.

{¶6} The Ashtabula County Grand Jury subsequently returned an indictment on four counts against appellant: count one, felonious assault against Ms. Higley with the knife, a second degree felony, in violation of R.C. 2903.11(A)(2); count two, felonious assault against Ms. Higley with his fist, a second degree felony, in violation of R.C. 2903.11(A)(1); count three, felonious assault against Mr. Thompson with the knife, a second degree felony, in violation of R.C. 2903.11(A)(2); and count four, petty theft, a first degree misdemeanor, in violation of R.C. 2913.02(A)(1). He pleaded not guilty to all counts. After appellant was deemed competent to stand trial, a jury trial commenced and concluded the following day. The jury quickly returned verdicts of guilty on all charges.

{¶7} The trial court proceeded to sentencing. It merged the felonious assault convictions regarding Ms. Higley, and imposed six years imprisonment. It sentenced him to two years on the felonious assault conviction regarding Mr. Thompson, the term to be served consecutively to that regarding Ms. Higley. It imposed six months for the petty theft, to be served concurrently to the felonious assault terms, for a total of eight years imprisonment, and informed appellant he was subject to three years post-release control.

{¶8} Appellant now appeals and assigns three errors. The first provides:

{¶9} "The trial court committed an error when it allowed inadmissible hearsay to be introduced into the record despite an objection from defense counsel and as a result was prejudicial to the appellant, thus affecting the outcome of the case."

{¶10} Appellant contends the trial court twice erred in failing to give a curative instruction. First, he objects to the following exchange:

3

**{¶11}** Assistant Prosecutor: "And beyond speaking with the witnesses and retrieving written statements from them, did you make – do anything else in your investigation to determine what had happened?"

**{¶12}** Deputy Barger. Yes, Darrel Thompson made a comment that he found the knife that was, in fact used."

**{¶13}** Defense Counsel: "Objection, Your Honor."

**{¶14}** Trial Court: "I'm going to sustain that."

**{¶15}** Appellant also objects to the following exchange between the assistant prosecutor and Deputy Barger:

**{¶16}** Assistant Prosecutor: "Based on your investigation, did you come to any conclusions?"

**{¶17}** Deputy Barger: "Yes."

**{¶18}** Assistant Prosecutor: "What did you conclude?"

**{¶19}** Deputy Barger: "That the Defendant assaulted the victim. And, unfortunately, there was no cameras on the west side of the building where you'd be able to see a lot more. But if you noticed in the video, when Mr. Thompson again in the blue T-shirt, he was running around the vehicles, that is when the Defendant obviously still had the knife in his hand, and he made the statement to him such as * * *"

**{¶20}** Defense Counsel: "Objection."

**{¶21}** Deputy Barger: "Do you want * * *"

**{¶22}** Trial Court: "Okay, you can't * * *"

**{¶23}** Deputy Barger: "Okay."

**{¶24}** Trial Court: "I'll sustain that."

4

**{¶25}** Defense counsel: "Thank you, Your Honor."

**{¶26}** A trial court's decision on whether to provide cautionary instructions is reviewed for abuse of discretion. *State v. Frost*, 14 Ohio App.3d 320, 322 (11th Dist.1984). The phrase "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.) We discern no abuse of discretion on this issue.

**{¶27}** First, as the state notes, the trial court did, in fact, give the following instruction to the jury before the commencement of testimony: "If a question is asked and an objection to the question is sustained, you will not hear the answer. You must not speculate as to what the answer might have been or as to the reason for the objection." Perhaps it would have been best if the trial court had reiterated this at the time of the two objections in question, but it was not required to do so, as we must presume a jury follows the instructions given it by the trial court. *State v. Tackett*, 11th Dist. Lake No. 2012-L-130, 2013-Ohio-4098, ¶18. Further, it is difficult to see how appellant suffered prejudice because Mr. Thompson testified he discovered the knife, and additionally stated appellant asked him if he "wanted any."

**{¶28}** The first assignment of error lacks merit.

**{¶29}** Appellant's second assignment of error asserts:

**{¶30}** "The trial court erred when it failed to sustain the appellant's Crim.R. 29 motion and affirm the conviction by the jury as the evidence presented at trial was

insufficient to support a determination that the appellant was guilty of felonious assault with respect to alleged victim number two, Darrell Thompson."

**{¶31}** Appellant argues that the state did not prove by sufficient evidence he intended to harm Mr. Thompson.

**{¶32}** A Crim.R. 29 motion challenges the sufficiency of the evidence introduced by the state to support a conviction. *State v. Stefl*, 11th Dist. Lake No. 2009-L-088, 2010-Ohio-591, ¶18. A "sufficiency" argument raises a question of law as to whether the prosecution offered some evidence concerning each element of the charged offense. *State v. Windle,* 11th Dist. Lake No.2010-L-0033, 2011-Ohio-4171, ¶25. "[T]he proper inquiry is, after viewing the evidence most favorably to the prosecution, whether the jury could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Troisi,* 179 Ohio App.3d 326, 2008-Ohio-6062 ¶9 (11th Dist.)

**{¶33}** Appellant was convicted of felonious assault against Mr. Thompson pursuant to R.C. 2903.11(A)(2), which provides, in pertinent part:

**{¶34}** "(A) No person shall knowingly do either of the following:

**{¶35}** "* * *

**{¶36}** "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

**{¶37}** A finder of fact may infer a defendant's intent to cause physical harm from his or her actions and the surrounding circumstances. *See e.g. State v. Seiber*, 56 Ohio St.3d 4, 15 (1990). "A 'criminal attempt' [occurs] when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the

conduct must be strongly corroborative of the actor's criminal purpose. (R.C. 2923.02(A) construed.)" *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus (vacated on other grounds). To constitute a substantial step, the offender's conduct need not be the last proximate act prior to the commission of the offense, but it "must be strongly corroborative of the actor's criminal purpose." *Id.* A defendant who steps toward a victim while holding a knife ready for use may be reasonably viewed as taking a substantial step toward the execution of an assault. *State v. Workman*, 84 Ohio App.3d 534, 537 (9th Dist.1992). Additional evidence, such as verbal threats and violent behavior, may be considered in the determination of whether sufficient evidence supports a conviction for felonious assault. *See e.g. State v. Brown*, 97 Ohio App.3d 293, 299 (8th Dist.1994).

{¶38} In support of his claim that the conviction was not supported by sufficient evidence, appellant cites *State v. Smith*, 9th Dist. Lorain No. 98CA007168, 2000 WL 110411 (Jan. 26, 2000). In that case, the alleged victim observed the defendant arguing with a third party. When the alleged victim tried to intervene, he noticed that the defendant was holding a knife with the blade open. The defendant then waved the knife and advised the alleged victim, "I'm going to cut you. I'm going to get you." The defendant began walking toward the alleged victim, still waving the knife and shouting vulgarities. The alleged victim advised the defendant that the police were present, and the defendant stopped approaching. At that point, the defendant fled on foot, throwing the knife in grass. The Ninth District held the defendant's actions were merely preparatory and insufficient to convey an intention to carry out his expressed threat of harm. *Id.* at *3. The court underscored the defendant never lunged at the alleged victim, he was not holding the

7

knife in a manner that would permit him to carry out his stated intentions, and did not take any additional action beyond a continuation of his verbal tirade. *Id.*

{¶39} The facts and circumstances of the instant case demonstrate appellant took a substantial step in the commission of felonious assault. Mr. Thompson observed appellant charge Ms. Higley and punch her in the face. Appellant was holding a knife approximately six to eight inches in length. He held the knife forward and it remained in his hand as he struck Ms. Higley. As Mr. Thompson approached to help Ms. Higley, appellant stepped toward him and asked if he "wanted some too." Mr. Thompson then fled behind his car.

{¶40} Under the circumstances, appellant, who had just assaulted a third party and was brandishing a relatively large knife, threatened Mr. Thompson while moving toward him. Given the entirety of the circumstances, a reasonable juror could conclude appellant had taken a substantial step in knowingly attempting to cause physical harm to Mr. Thompson with a deadly weapon.

{¶41} The second assignment of error is without merit.

{¶42} The third assignment of error states:

{¶43} "The trial court erred when it failed to sustain the appellant's Crim.R. 29 motion and affirm the conviction of the jury as the evidence presented at trial was insufficient to support a determination that the appellant was guilty of felonious assault with respect to alleged victim number one, Diana Higley."

{¶44} Appellant challenges his conviction under R.C. 2903.11(A)(2) for assaulting Ms. Higley with his knife. Appellant notes he had turned the knife's blade backward when

8

he punched Ms. Higley. Consequently, he asserts, again, that there is no overt act directed toward physically harming her with the knife. We do not agree.

{¶45} Appellant struck Ms. Higley in the face with a fist holding a knife. Having the knife in the hand with which he committed this first assault did more than cause Ms. Higley to believe that physical harm was imminent: it was an overt act, in and of itself, directed to causing her further physical harm.

{¶46} The third assignment of error lacks merit.

{¶47} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.


{¶48} I concur with the majority's well-reasoned disposition of appellant's first and second assignments of error. However, I find merit in his second assignment of error, and would reverse his felonious assault conviction regarding Mr. Thompson. Instead, I would apply the reasoning of the Ninth District in *Smith*, *supra*. The court observed:

{¶49} "In order to establish a knowing attempt to cause physical harm, the state was required to demonstrate that Smith had the criminal intent to harm George, and that his conduct represented a substantial step in carrying out that intent. See *State v. Brooks* (1989), 44 Ohio St.3d 185, 190-191, * * *, quoting *State v. Farmer* (1951), 156 Ohio St.

9

214, 216, * * *. Although Smith's actions 'need not be the last proximate act prior to the consummation of the felony(,)' *id.* at 190, 'there must (have been) some overt act directed toward physical harm which (was) beyond behavior that merely causes another to believe physical harm is imminent.' *State v. Clark* (June 27, 1991), Cuyahoga App. No. 58270, unreported.

{¶50} "* * *

{¶51} "Pointing a knife at an individual is different from pointing a gun, even though both are deadly weapons. Pointing a knife at someone is generally only one of several steps preparatory to using it to injure another, rather than the penultimate one. That act alone, or even when accompanied by verbal threats, is equivocal as to whether the assailant was trying to harm the victim, or merely intending to frighten him, one of the primary distinctions between felonious assault, R.C. 2903.11(A)(2), and aggravated menacing, R.C. 2903.21(A). See *Brooks*, 44 Ohio St.3d at 192, * * *." (Parallel citations omitted.) *Smith*, 2000 WL 11041, at *2-3.

{¶52} I find this argument persuasive. At the time appellant threatened Mr. Thompson, the two were about five feet apart according to the latter's testimony, and appellant had the knife pointed down, at his side. There was no overt act by appellant directed toward causing Mr. Thompson physical harm – merely action that might cause him to believe such harm was imminent. This is insufficient evidence to support a conviction for felonious assault under RC. 2903.11(A)(2). *Smith* at *2-3.

{¶53} I respectfully concur and dissent.