[Cite as *State v. Tilton*, 2011-Ohio-5564.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24527 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CRB-11028 |
| v. | : | |
| | : | (Criminal Appeal from Dayton |
| TIMOTHY TILTON | : | Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, and STEPHANIE L. COOK, Atty. Reg. #0067101, by TROY B. DANIELS, Atty. Reg. #0084957, Dayton Municipal Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

JENNIFER GETTY, Atty. Reg. #0074317, 46 East Franklin Street, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Timothy Tilton appeals from his conviction and sentence for Domestic Violence, a misdemeanor of the first degree.  Tilton was also found guilty of Assault, a misdemeanor of the first degree, but no sentence was imposed for that offense, the

trial court having found that the two offenses were allied offenses of similar import, and the State having elected to have Tilton sentenced on the Domestic Violence conviction.

{¶ 2} Tilton contends that the trial court erred by rendering a verdict convicting him of Assault, even though no sentence was imposed for that offense. Tilton also contends that his Domestic Violence conviction is against the manifest weight of the evidence.

{¶ 3} The State, besides rebutting Tilton's contentions, argues that this appeal is moot, because Tilton paid his fine and served all of his jail time before seeking a stay of execution.

{¶ 4} We conclude that Tilton's appeal is not moot, because a portion of his fine was suspended conditionally, and he remains subject to the possibility that the suspended portion of his fine may yet have to be paid. Upon the authority of *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, we conclude that the trial court did not err in finding Tilton guilty of both offenses, while sentencing him only on one. Finally, we conclude that Tilton's conviction for Domestic Violence is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 5} Cynthia Bryant shared a home with Tilton. One morning in October, 2010, they got into an argument about various subjects. According to Bryant, Tilton became violent:

{¶ 6} "A. I really don't remember exactly how it started. How I ended up the way I was. I just know that he kept grabbing me by my head and my hair and flung me down on the floor and took my head and hit the side of my face on the floor. I hit the coffee table a couple of

times. He didn't strike me with his fist. He will tell you that. He won't hit me just drug me around the living room by my hair. I passed out. I urinated on myself while I was passed out. I woke up to him kicking me. Saying there is nothing wrong with you."

{¶ 7} Bryant testified that Tilton pinned her down by sitting on her leg, twisted her leg, and threatened to break it.

{¶ 8} Bryant went into the bedroom to get a change of clothes. While there, she used a cell phone to call 911.

{¶ 9} When the police arrived in response to Bryant's 911 call, they found that: "The furniture was moved around. A couple of potted plants were knocked over. Area rugs were kind of wrinkled up like they had been pushed from the edge." They also observed that Bryant: "* * * was upset, crying. She had some red marks on her face and head. Around her hair line." Photographs of Bryant taken at the scene, showing her injuries, were introduced in evidence.

{¶ 10} Tilton testified and gave a different version of events, in which he was merely attempting to prevent Bryant from abusing some prescription drugs she had. He testified that Bryant had caused the mess in the house, and that he had not caused her injuries, and did not know how they were caused. He also testified that Bryant was "very intoxicated" on her medications. The police officer on the scene, who had years of experience with persons intoxicated on drugs, testified that Bryant showed no signs of intoxication.

{¶ 11} Tilton was arrested and charged with Domestic Violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree, and Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. Following a bench trial, he was found guilty of both offenses. The trial court informed the parties that Tilton could only be sentenced on one of the offenses.

The State elected to have Tilton sentenced on the Domestic Violence offense.

{¶ 12} Tilton was originally sentenced to 60 days in jail, with 30 days suspended, and with 10 days credited for time served. He served the remaining 20 days in jail. He was also fined $1,000 and costs, with $800 suspended. The trial court imposed community control sanctions for one year, which included his attendance in the Stopping the Violence program.

{¶ 13} Tilton was later charged with having violated the terms of his community control sanction by having failed to complete the Stopping the Violence program. At a hearing on the alleged violation, Tilton admitted the violation, the trial court found him in violation, and the trial court ordered him to serve the 30-day balance of his jail sentence. Tilton served the remaining 30 days of his jail sentence.

{¶ 14} Shortly thereafter, the office of the clerk of the trial court discovered that Tilton's original conviction and sentence had not been properly journalized. A "Final Appealable Entry & Order" was filed on February 4, 2011, reflecting that Tilton was convicted of Domestic Violence and sentenced to 60 days of jail time, with credit for 10 days served and with 30 days suspended. This entry also reflects that Tilton was convicted of Assault, but no sentence was imposed for that offense. The entry includes a reference to the imposition of community control sanctions. Finally, it includes the imposition of a $1,000 fine, with $800 of the fine suspended "conditioned upon no further conviction for a violent act."

{¶ 15} The State contends that this case was "terminated" after Tilton had completed his entire 60-day jail time, and before the February 4, 2011 entry recited above, but we have found nothing in the record to reflect that the trial court terminated the case in some sense that would implicate Tilton's continuing contingent liability for the $800 suspended portion of his fine.

**{¶ 16}** For that matter, we have found nothing in the record to reflect that Tilton served the entire 60-day jail sentence, but both parties acknowledge that he has, so we will accept that as true.

**{¶ 17}** On March 3, 2011, Tilton filed this appeal. Thereafter, he moved to stay the execution of his sentence, which the trial court granted.

II

**{¶ 18}** As a threshold matter, we must consider the State's contention that this appeal is moot. The State cites *City of Cleveland Heights v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, for the proposition that an appeal becomes moot when a criminal defendant has voluntarily paid the fine and completed the sentence, unless there is a remaining collateral disability resulting from the conviction. See *State v. Wilson* (1975), 41 Ohio St.2d 236, cited in *City of Cleveland Heights v. Lewis*. The State argues that because Tilton completed his entire jail sentence, including the portion that was originally suspended, before he made any attempt to stay its execution, he must be deemed to have voluntarily served his sentence.

**{¶ 19}** The State's argument is correct as far as it goes, but it ignores the suspended $800 portion of Tilton's fine. That portion of his fine was not suspended unconditionally. It was suspended on the condition that he have no further conviction for a violent act. We have found nothing in the record to reflect that the suspended portion of Tilton's fine is no longer hanging over him as a contingent liability resulting from his conviction for Domestic Violence. Therefore, he cannot be said to have voluntarily paid his fine, and his appeal is not moot.

III

**{¶ 20}** Tilton's First Assignment of Error is as follows:

{¶ 21} "THE TRIAL COURT ERRED IN CONVICTING MR. TILTON OF BOTH MISDEMEANOR ASSAULT AND DOMESTIC VIOLENCE, IN VIOLATION OF OHIO REVISED CODE 2941.25(A), AS BOTH MISDEMEANOR ASSAULT AND DOMESTIC VIOLENCE ARE ALLIED OFFENSES OF SIMILAR IMPORT."

{¶ 22} The State agrees with Tilton that under the circumstances of his case, his Assault offense and his Domestic Violence offense are allied offenses of similar import. The State cites *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, for the proposition that the trial court may "convict" him of both offenses in the sense of adjudicating him guilty of both, so long as it sentences him upon only one of those convictions – that to be "convicted" in this sense has a different meaning from being "convicted" as that word is used in R.C. 2941.25(A):

{¶ 23} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 24} Upon the authority of *State v. Whitfield*, we agree. A conviction for purposes of the allied offenses statute – R.C. 2941.25(A) – includes both an adjudication of guilt and a sentence; an adjudication of guilt without a sentence is not a "conviction" for purposes of the statute.

{¶ 25} Although the trial court, in the judgment entry from which this appeal is taken, recites that Tilton is "convicted" of Assault, it is clear that in this context, "convicted" means no more than that Tilton was adjudicated to be guilty of that offense – no sentence was imposed for it. Thus, pursuant to *State v. Whitfield*, the trial court did not violate R.C. 2941.25(A).

{¶ 26} Tilton's First Assignment of Error is overruled.

IV

**{¶ 27}** Tilton's Second Assignment of Error is as follows:

**{¶ 28}** "THE TRIAL COURT ERRED IN RENDERING JUDGMENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY FAILING TO ADEQUATELY AND CORRECTLY WEIGH THE CREDIBILITY OF THE COMPLAINING WITNESS."

**{¶ 29}** "Because the factfinder, be it the jury or, as in this case, the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility." *State v. Lawson* (August 22, 1997), Montgomery App. No. 16288, p.4.

**{¶ 30}** In the case before us, the trial court, as the finder of fact, chose to credit the testimony of the complaining witness, Cynthia Bryant. Her testimony is not inherently incredible. Her testimony concerning her injuries was corroborated both by the police officer reporting to the scene and by photographs taken at the scene, which were received in evidence. Although Tilton denied having caused those injuries, he could not explain how they were caused, even though he was present.

**{¶ 31}** Tilton testified that Bryant was "very intoxicated" by prescription drugs she had taken. Yet the police officer responding to the scene, a seventeen-year veteran who had special training in intoxication and who had dealt with persons intoxicated by drugs "almost daily," saw no indication that Bryant was intoxicated.

**{¶ 32}** Finally, Tilton testified that Bryant had filed multiple domestic violence charges against him in the past that were dismissed when she did not show up for court. He cites this as

grounds for disbelieving Bryant – that she obviously fabricated charges against him in the past, so she must be fabricating this charge. That is one possible inference. Another, equally reasonable, inference is that Bryant decided not to pursue previous charges against Tilton out of residual affection for him, fear of reprisal, or both, which is not uncommon for a cohabitant, like Bryant.

**{¶ 33}** It was for the trial court to assess the credibility of the witnesses. Upon this record, we do not find that this is the rare case where the finder of fact lost its way in this regard, resulting in a miscarriage of justice.

**{¶ 34}** In his argument in support of this assignment of error, Tilton refers to the following colloquy during his cross-examination of Bryant:

**{¶ 35}** "[Q.] And also you have had numerous cases where you have filed against him, correct?

**{¶ 36}** "[A.] Yes.

**{¶ 37}** "MR. DANIELS [representing the State]: Objection, Your Honor.

**{¶ 38}** "THE COURT: I am sorry. Wait a minute. Please. Numerous what?

**{¶ 39}** "MS. DUBEL [representing Tilton]: Numerous cases where she has charged him with domestic violence.

**{¶ 40}** "[MR.] DANIELS: And I am objecting that [sic]. That is irrelevant.

**{¶ 41}** "MS. DUBEL: I think it goes to credibility.

**{¶ 42}** "THE COURT: Sustained."

**{¶ 43}** Perhaps if Tilton's trial counsel had indicated to the trial court that she intended to establish that one or more of Bryant's prior complaints were dismissed as a result of Bryant's

failure to appear, and that she then intended to seek to establish that one or more of these complaints was fabricated, the ruling by the trial court would have been different. In any event, Tilton does not assign the trial court's ruling on this objection as error.

{¶ 44} Tilton's Second Assignment of Error is overruled.

V

{¶ 45} Both of Tilton's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

John J. Danish / Stephanie L. Cook
Troy B. Daniels
Jennifer Getty
Hon. James D. Ruppert
(sitting for Hon. Christopher D. Roberts)