[Cite as *State v. Fernandez*, 2012-Ohio-2538.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24814 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CRB-7487 |
| v. | : | |
| | : | |
| JAYSON FERNANDEZ | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2012.

. . . . . . . . . . .

STEPHANIE COOK, Atty. Reg. #0067101, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. #0031902, 507 Wilmington Avenue, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

JAYSON FERNANDEZ, 255 North Main Street, #33, Dayton, Ohio 45402
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    On July 17, 2011, Jason Fernandez was charged with having committed two

first-degree misdemeanors, assault and domestic violence, on July 16, 2011. (Dkt. # 4)

**{¶ 2}** A bench trial was conducted on July 26, 2011. The complaining witness testified that on July 16, 2011, the defendant hit her leg with his cane. (T. 9). It caused an open wound and a bruise. (T. 10). She identified a photo of her injury. (T. 11). She testified that she and the defendant had an on-again off-again relationship for 11 years. (T. 4). They had gotten back together about four months before the incident. (T. 4) She considered him her fiancee. (*Id.*) They slept in the same bed. (T. 6). When the police arrived, the defendant was sleeping in the bed. (T. 18). Although he also was staying at a shelter, (T. 13), he received mail at her apartment. (*Id.*). At the time of the incident, he had been staying there every night for about a week. (T. 14). She testified that "he came *home* drunk." (Emphasis added). (T. 8). He had at least some clothing there. (T. 19). At the conclusion of the trial, the court found the defendant guilty of domestic violence and assault. A pre-sentence investigation was ordered.

**{¶ 3}** On August 9, 2011, the court sentenced the defendant to 180 days in jail with credit for 25 days served and suspended 155 days. He was ordered to complete one year of intensive probation supervision with various conditions. The defendant appealed.

**{¶ 4}** Appointed appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that the appeal was frivolous. Counsel also filed an *Anders* brief that raises three potential issues: (1) there could be ineffective assistance of counsel because of counsel's failure to make a Crim.R. 29 motion for judgment of acquittal based on insufficient evidence to prove a familial relationship between the complaining witness and the defendant, (2) the trial court's decision could be against the manifest weight of the evidence, and (3) there could be a question whether the

domestic violence and assault charges should have been merged. This Court notified Fernandez of appellate counsel's conclusion that the appeal was without merit and gave Fernandez a period of time in which to file a pro-se brief assigning errors for our review. Fernandez did not file a brief.

{¶ 5}     In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.  The domestic violence statute states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). A "family or household member" includes one "who is residing or has resided with the offender" and is "[a] spouse, a person living as a spouse, or a former spouse of the offender." R.C. 2919.25(F)(1)(a)(I). A "[p]erson living as a spouse" means "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2). In *State v. Williams*, 79 Ohio St.3d 459, 683 N.E.2d 1126 (1997), after surveying the various case law permutations of a "person living as a spouse," the Supreme Court stated "that the essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium. Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation,

solace, comfort, aid of each other, friendship, and conjugal relations. These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact." (Citations omitted.) *Id*. at 465. We believe the evidence presented was sufficient for the trial court, as finder of fact, to conclude that the defendant was a family or household member as defined by R.C. 2919.25, and an assertion to the contrary does not have arguable merit.

{¶ 6} Likewise, the potential contention that the trial court's decision is against the manifest weight of the evidence would also fail. "[A] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009–Ohio–525, ¶ 12. The appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). We believe it was not against the manifest weight of the evidence for the trial court to conclude that the defendant was guilty of the offense of domestic violence, and an assertion to the contrary does not have arguable merit.

{¶ 7} Counsel's third potential assignment of error raises a question of whether the offenses of domestic violence and assault should have been merged. Although the trial court found the defendant guilty of both offenses, (T. 23), he was sentenced only on the domestic violence charge. (T. 24-25) (Entry and Order filed Aug. 9, 2011, Doc. 17). This Court

previously has held, with respect to a defendant found guilty of both domestic violence and assault, that "[a] conviction for purposes of the allied offenses statute—R.C. 2941.25(A)—includes both an adjudication of guilt and a sentence; an adjudication of guilt without a sentence is not a 'conviction' for purposes of the statute." *State v. Tilton*, 2d Dist. Montgomery No. 24527, 2011-Ohio-5564, ¶ 22. Because the record definitively demonstrates that Fernandez was not sentenced on the assault charge, an argument that the offenses should have been merged has no merit.

**{¶ 8}** Pursuant to *Anders*, we also are required to conduct a full examination of all proceedings and to appoint new counsel to assist Fernandez if we find any non-frivolous issue for review. *Anders*, 386 U.S. at 744; *see also Penson v. Ohio*, 488 U.S. 75, 76, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Having thoroughly reviewed the record, we do not find any non-frivolous issue.

**{¶ 9}** The record fails to portray any issue with arguable merit. As a result, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Stephanie Cook
Michael H. Holz
Jayson Fernandez
Hon. John S. Pickrel