[Cite as *State v. Singleton*, 2019-Ohio-4518.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0013** |
| JORDAN P. SINGLETON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2018 CRB 3319 R.

Judgment: Affirmed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Shubhra N. Agarwal,* 3732 Fishcreek Road, #288, Stow, OH 44224 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jordan P. Singleton, appeals his January 11, 2019 conviction of one count of domestic violence and his adjusted sentence. For the reasons discussed herein, the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed and remanded.

{¶2} Mr. Singleton was charged with one count of domestic violence stemming from alleged events occurring in November 2018. According to the victim, Mr. Singleton's

mother, she and Mr. Singleton got into an argument regarding payment for some unfinished work to her driveway. During the argument, when she tried to leave the house, Mr. Singleton put his hands around her neck, pushed her against the stair rail, and choked her. She testified that while he choked her for what was likely only a few seconds, she felt pressure building in her head and saw "sparklies" in her vision. When he released her, she went to the bathroom and took a picture of the marks on her neck.

{¶3} Less than nine minutes later, she heard honking outside and observed a skidsteer removing the gravel from her driveway without permission, so she called the sheriff's office to report the theft. Mr. Singleton had warned her not to call the police regarding the altercation, so she was careful what she said on the phone and did not mention the altercation. The police responded to the call, and upon their arrival, she told them about the altercation and that Mr. Singleton had choked her. The officer observed the marks on her neck and spoke to Mr. Singleton, who admitted there was a verbal altercation but denied any physical altercation. He could not explain the marks on her neck. He was arrested and charged with domestic violence.

{¶4} Both Mr. Singleton and the state note that the sentencing entry contains a clerical error indicating Mr. Singleton pleaded guilty, instead of indicating that he was convicted by the court following a bench trial. Nevertheless, he was ultimately convicted of one count domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. On January 11, 2019, he was sentenced to 180 days in jail, a $1,000 fine, and court costs. Subsequent to sentencing, the trial court suspended 90 days of his jail sentence and the entire fine, provided that Mr. Singleton undergo a psychological evaluation and not violate any law for a period of one year, which expires January 11,

2020. On February 22, 2019, Mr. Singleton was released from jail with credit for time served.

{¶5} Preliminarily, we address the issue of mootness raised by Mr. Singleton on appeal. "[W]here a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." *State v. Golston*, 71 Ohio St.3d 224, 226 (1994).

{¶6} Mr. Singleton argues that, despite completing his jail sentence, his appeal is not moot because he is alleging a loss of his civil rights and that his conviction is causing a collateral disability, citing *In re S.J.K.,* 114 Ohio St.3d 23, 2007-Ohio-2621.

{¶7} The state agrees the appeal is not moot but argues that it is because Mr. Singleton's sentence was suspended subject to the condition, inter alia, that he not violate the law for one year, and that one-year period does not expire until January 11, 2020. We agree. The state cites similar cases from the Fifth and Second Districts. *See State v. Baumgardt,* 5th Dist. Fairfield No. 02CA7, 2002-Ohio-4662, ¶7 (finding appeal not moot because appellant was on probation subject to the balance of a suspended jail sentence) and *State v. Tilton,* 2d Dist. Montgomery No. 24527, 2011-Ohio-5564, ¶4 (finding appeal was not moot because a portion of appellant's fine was conditionally suspended and he was subject to the possibility that the suspended portion of the fine may yet have to be paid).

{¶8} Likewise, here we find that Mr. Singleton's appeal is not moot because he remains subject to the conditions of his suspended sentence until January 11, 2020.

{¶9} Mr. Singleton assigns two assignments of error for our review, which, though distinct legal concepts falling under two different standards of review, require examination of the same series of events; accordingly, we will address them together.

{¶10} [1] The trial court committed reversible error when it overruled Mr. Singleton's Crim.R. 29(A) motion for acquittal because the evidence was insufficient to support a conviction.

{¶11} [2] Mr. Singleton's conviction for domestic violence was against the manifest weight of the evidence.

{¶12} A Crim.R. 29 motion "challenges the sufficiency of the evidence introduced by the state to support a conviction." *State v. Figueroa*, 11th Dist. Ashtabula No. 2016-A-0034, 2018-Ohio-1453, ¶32. When reviewing the sufficiency of the evidence, we are required to weigh the evidence in favor of the prosecution. *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded on other grounds. The question is whether "'a reasonable mind might fairly find each element of the offense beyond a reasonable doubt.'" *State v. Bridgeman*, 55 Ohio St.2d 261, 263 (1978), quoting *United States v. Collon*, 426 F.2d 939, 942 (6th Cir.1970).

{¶13} A court reviewing the manifest weight of the evidence observes the entire record, weighs the evidence and all reasonable inferences, and considers the credibility of the witnesses. *State v. Sprecker*, 11th Dist. Lake No. 2016-L-098, 2017-Ohio-7291, ¶44, citing *State v. Thompkins,* 78 Ohio St.3d 380 (1997). In resolving conflicts in the evidence and deciding witness credibility, the court determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Thompkins, supra,* at 387.

{¶14} "'The discretionary power to grant a new trial should only be exercised in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

"The role of the reviewing court is to engage in a limited weighing of the evidence in determining whether the state properly carried its burden of persuasion. If the evidence is susceptible to more than one interpretation, an appellate court must interpret it in a manner consistent with the verdict." (citations omitted) *Sprecker, supra*, at ¶46.

{¶15} Mr. Singleton was convicted of one count domestic violence in violation of R.C. 2919.25. Though the sentencing entry does not specify the statutory subpart under which he was convicted, it is apparent and undisputed that the court found him in violation of R.C. 2919.25(A), which provides that, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). R.C. 2919.25(F)(1)(a)(ii) defines "family or household member" and includes a parent "who is residing or has resided with the offender."

{¶16} The evidence the state presented at trial was succinct. Mr. Singleton had lived in Ms. Singleton's basement for just over one year at the time the incident occurred. Ms. Singleton testified that Mr. Singleton pushed her against the stair-railing and choked her with both hands. Ms. Singleton took a picture of the marks caused by the choking, which was entered into evidence. The state also presented evidence of the time and date on which the picture was taken, which coincided with the timeline she presented and the 9-1-1 call she made. The responding officer testified that when they arrived, she almost immediately told them about the physical altercation. The officer testified that he saw marks on her neck appearing to be a finger or thumb print.

{¶17} The defense offered no evidence. On appeal, he argues the only evidence presented at trial showed that both Mr. Singleton and the victim were arguing and that the

entire case is "based on she-said he-said." He also points to the fact that she did not call the police to report anything other than the theft of gravel, that the officers did not take any photographs of marks or bruises, and "did nothing to corroborate Ms. Singleton's version of the events."

{¶18} Photographic evidence, corroborated by a responding officer, shows that Ms. Singleton sustained a bruise to her neck. She testified that she did not cause the mark herself but that Mr. Singleton caused it by choking her. The officers' failure to photograph Ms. Singleton's injury does not discredit her testimony, especially in light of the officer's testimony and the fact that Ms. Singleton had already photographically documented the mark and the electronic date and time stamp confirm Ms. Singleton's timeline of events.

{¶19} Furthermore, Mr. Singleton was still in the house when Ms. Singleton called 9-1-1. She testified that he told her not to call the police regarding the altercation. In light of her testimony that she feared Mr. Singleton would overhear her call, we do not find her testimony less credible in light of her failure to discuss the physical altercation on the 9-1-1 call. Indeed, the officer testified that it is not uncommon for him to be dispatched for one matter but to end up investigating a different matter.

{¶20} Finally, the officer testified that he attempted to corroborate Ms. Singleton's allegations by talking to both parties involved. He also spoke to Ms. Singleton's mother, who was present in the house at the time of the altercation, but did not indicate that in his report because she did not witness the altercation and it was not important to the investigation. Thus, we disagree that the officers did nothing to investigate.

{¶21} After carefully considering the record and weighing the evidence presented along with all reasonable inferences, and considering the credibility of the witnesses, we find that Mr. Singleton's conviction was not based on insufficient evidence nor was it against the manifest weight of the evidence. The state presented evidence of every element of R.C. 2919.25(A), and we find that reasonable minds might fairly find each element of the offense beyond a reasonable doubt. Furthermore, we find the state carried its burden of persuasion and that the court, as trier of fact, did not clearly lose its way in finding Mr. Singleton guilty.

{¶22} Accordingly, Mr. Singleton's assignments of error are without merit.

{¶23} For the reasons discussed herein, the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed. The matter is remanded for the sole purpose of issuing a nunc pro tunc judgment entry correcting the January 11, 2019 judgment entry.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.