[Cite as *State v. Butler*, 2024-Ohio-5879.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24 CAA 07 0044 |
| KYLE BUTLER | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Delaware Court of
Common Pleas, Case No. 20-CRI-07 0424

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 12, 2024

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Prosecuting Attorney
BY KATHERYN L. MUNGER
Assistant Prosecutor
145 North Union Street
Delaware, OH 43015

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Road, Ste. 8A
Cincinnati, OH 45242

*Gwin, J.*

{¶1}    Defendant-appellant Kyle J. Butler ["Butler"] was convicted after a jury trial in the Delaware County Court of Common Pleas of one count of Rape of a fifteen-year-old minor by purposefully compelling the minor to engage in sexual conduct by force or threat of force. On appeal, Butler contends that the state failed to prove beyond a reasonable doubt that he compelled the minor to engage in sexual conduct by force or threat of force; therefore, Butler maintains his conviction is against the sufficiency and the manifest weight of the evidence.

{¶2}    The record contains no compelling evidence weighing against Butler's conviction. We find the greater amount of credible evidence produced during trial proves beyond a reasonable doubt that Butler purposefully compelled the minor victim by force or threat of force to engage in sexual conduct; therefore, we affirm his conviction and sentence.

*Facts and Procedural History*

{¶3}    On August 8, 2020, the Delaware County Grand Jury returned an indictment charging Butler with one count of Rape, purposefully compelling by force or threat of force, a felony of the first degree in violation of R.C. 2907.02(A)(2).

{¶4}    The judge granted a motion for competency evaluation on December 14, 2020. Butler was found to be not presently competent to stand trial, but could be restored to competence. Butler was ordered to undergo treatment at Twin Valley Behavioral HealthCare. *Judgment Entry Regarding Defendant's Present Mental* State, May 21, 2021. The State filed a Motion to Retain Jurisdiction on October 28, 2022 when the maximum time for treatment to restore competency expired. The motion was granted following a

hearing. *Judgment Entry Retaining Jurisdiction Pursuant to R.C. 2945.39*, November 1, 2022. The issue of Butler's competence was raised again pursuant to R.C. 2945.401(J)(2)(a) and a second evaluation was conducted. Butler was found to have been restored to competency. *Judgment Entry Finding Defendant Competent*, January 17, 2024.

**{¶5}** The state filed a Motion in Limine regarding Evid.R. 403(A) on March 20, 2024. Butler's appointed attorney filed to withdraw on April 16, 2024 citing a breakdown of communication and Butler's desire to have him removed from the case. New counsel was appointed on April 24, 2024. The case was scheduled for jury trial on July 9, 2024. Butler filed a motion to exclude the testimony of the forensic interviewer.

**{¶6}** A jury trial commenced on July 9, 2024.

*Fifteen-year-old M.L. reports she has been sexually abused*

**{¶7}** On July 3, 2020, the Delaware County Sheriff's Office was notified that a fifteen-year old girl (M.L.) was at Nationwide Children's Hospital reporting an alleged sex offense. M.L. disclosed to her parents that she was sexually assaulted the previous day by Butler, who is her brother-in-law.

**{¶8}** M.L. was interviewed at the Children's Advocacy Center (CAC) by social worker and medical forensic interviewer Hunter H. Joseph, LSW. 2T. at 333-334. M.L. reported that oral-genital contact had occurred on top of her skin and on top of her clothing. 2T. at 367. After the interview concluded, M.L. underwent a medical examination by P-SANE Kaylyn Sturgell. M.L was interviewed a second time by the Delaware County Sheriff's detectives one month later. 2T. at 293-294. The second interview was conducted to clarify what M.L had reported about the position of Butler's hands and other details. Id.

{¶9}    M.L. testified at trial that on July 2, 2020, she was in the basement of her home playing with Butler's son, her nephew. 1T. at 215; State's Exhibit A24. M.L was sitting with her back against the wall and, her legs outstretched in front of her, when Butler came downstairs. Id. at 218 - 219. Butler laid on his stomach and put his head in between M.L.'s legs. Id. at 219 - 220. Butler unbuttoned and unzipped M.L.'s shorts, and pulled them down to her knees. Id. at 220. M.L.'s underwear was still in place. Id. at 221. Butler pulled M.L.'s underwear aside to expose her vagina. Id. Butler then began licking her vagina on top of M.L.'s skin. Id. M.L. did not say anything because she was scared. Id. at 222. M.L. testified that Butler's hands were on her legs and M.L. believed that she could not leave the room. Id. at 222.

{¶10}    M.L. testified that she changed her underwear after the incident and the underwear were subsequently washed. 1T. at 224-225. The underwear collected at the hospital was the pair M.L. had changed into after the attack. Id. at 237.

{¶11}    After the conclusion of the evidence, the jury returned a verdict of Guilty on the sole charge. *Judgment Entry on Verdict*, July 12, 2024.

{¶12}    The judge held a Sentencing Hearing on July 15, 2024. The judge sentenced Butler to an indefinite prison term of eight to twelve years. *Judgment Entry of Prison Sentence*, July 15, 2024.

### Assignment of Error

{¶13}    "I. BUTLER'S CONVICTION FOR RAPE IS NOT SUPPORTED BY EITHER THE LEGALLY SUFFICIENT EVIDENCE OR THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."

### Standard of Appellate Review – Sufficiency of the Evidence

{¶14}  The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30; *State v. Jordan,* Slip Op. No. 2023-Ohio-3800, ¶13. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence."  *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶15}  When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997)*; *Walker,* 150 Ohio St.3d at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'"  *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001),

*quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review**: *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Butler was guilty beyond a reasonable doubt of Rape*

**{¶16}** Butler was convicted of force / threat of force rape in violation of R.C. 2907.02(A)(2). R.C. 2097.02 provides,

(A)(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

**{¶17}** "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse. R.C. 2907.01(A).

**{¶18}** "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

**{¶19}** Butler claim's the evidence does not show that he purposely compelled M.L. to submit by force or threat of force.

**{¶20}** R.C. 2907.02(A)(2) requires the victim's submission to sexual conduct to be obtained by force or threat of force. *State v. Biggs*, 2022-Ohio-2481 (5th Dist.), ¶16. In *State v. Eskridge*, 38 Ohio St.3d 56, 58-59 (1988), the Supreme Court of Ohio found the amount of force required to meet this requirement varies depending on the age of the victim and the relationship between the victim and the defendant. Id. at ¶ 58. However, some amount of force must be proven beyond the force inherent in the crime itself. *State v. Dye*, 82 Ohio St.3d 323, 327(1998).

**{¶21}** In the case at bar, M.L. testified that Butler unbuttoned and unzipped her shorts, then he pulled them down to her knees. She further testified that because Butler's hand was on her leg, she felt that she could not escape. Butler used his hands to move her underwear to the side to expose her vagina. Butler points to no evidence in the record that M.L. consented to his acts.

**{¶22}** The circumstances surrounding the attack in this case are not unlike the rape of a sleeping victim, i.e. one who does not willingly submit or resist. In can be inferred that Butler moved M.L.'s legs, physically unbuttoned and unzipped M.L.'s shorts. Butler used his hands to pulled the shorts down to M.L.'s knees. Butler used his hands to move M.L.'s underwear to the side. M.L. was fifteen years old at the time, and Butler's sister-in-law. We find the facts sufficient to demonstrate Butler used force against his minor victim in order to compel her submission. *State v. Lauderdale,* 2024-Ohio-481, ¶35 (2nd Dist.); *State v. Stevens,* 2016-Ohio-446, ¶27-28 (3rd Dist.); *State v. Burton,* 2007-Ohio-1660, ¶42 (4th Dist.); *State v. Green,* 2002-Ohio-3949, ¶61 (5th Dist.); *State v. Artis,* 2021-Ohio-

2965, ¶95 (6th Dist.); *State v. Walker*, 2011-Ohio-6645, ¶20 (8th Dist.); *State v. H.H.,* 2011-Ohio-6660, ¶12 (10th Dist.).

{¶23} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Butler did commit the crime of rape by force or threat of force. We hold, therefore, that the state met its burden of production regarding each element of the crime of Rape for which Butler was indicted and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Butler's conviction.

**Standard of Appellate Review –Manifest Weight of the Evidence**

{¶24} The term "'manifest weight of the evidence'. . . relates to persuasion." *Eastley v. Volkman*, 2012-Ohio-2179, ¶19. It "concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis deleted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387(1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 102 at n.4 (1997)*; *State v. Martin*, 2022-Ohio-4175, ¶ 26.

{¶25} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d at 386–387; *State v. Issa*, 93 Ohio St.3d 49, 67 (2001).

{¶26} Weight of the evidence addresses the evidence's effect of inducing belief. *Thompkins*, at 386-387; *State v. Williams,* 2003-Ohio-4396, ¶83. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact

finder's resolution of the conflicting testimony. *State v. Jordan*, 2023-Ohio-3800; *Thompkins* at 387, *citing Tibbs v. Florida*, 457 U.S. 31, 42(1982) (quotation marks omitted); *State v. Wilson,* 2007-Ohio-2202, ¶25, citing *Thompkins.*

{¶27}  Traditionally courts have found that in weighing the evidence, the court of appeals "must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 21. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80 (1984).  However, as the Eight District Court of Appeals has recently noted, "*Eastley* [*v. Volkman*, 2012-Ohio-2179], arguably implied that the presumption in favor of the verdict, from the now-defunct civil manifest-weight review, still exists in manifest-weight challenges. That presumption in favor of the factfinder, however, was the underlying basis for distinguishing the weight-of-the-evidence review as between civil and criminal cases and is derived from *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), which was effectively overruled by *Eastley* at paragraph two of the syllabus." *State v. Reillo,* 2024-Ohio-3307, ¶20. The Court also observed, if an appellate court defers to the "factfinder's credibility determinations in reviewing the weight of the evidence…then there would be no difference between that and the sufficiency analysis, in effect merging the separate concepts of sufficiency and weight, as was once the standard for civil cases." *Reillo,* ¶ 23 (citations omitted). In reality, "[i]If appellate panels defer to the trier of fact's credibility determinations, which resulted

in the finding of guilt or there would not be an appeal, there would be no reason to advance a manifest-weight challenge." Id.

**{¶28}** A manifest-weight challenge should be sustained "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, (1st Dist. 1983); *Nicholson* at ¶71.

**{¶29}** Further, to reverse a jury verdict as being against the manifest weight of the evidence, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required pursuant to Article IV, Section 3(B)(3) of the Ohio Constitution. *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶ 2-4, *citing Thompkins* at paragraph four of the syllabus.

**Issue for Appellate Review**: Whether *the jury clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered*

**{¶30}** Upon review of the entire record, weighing the evidence and all reasonable inferences as a thirteenth juror, including considering the credibility of witnesses, we cannot reach the conclusion that the jury lost their way and created a manifest miscarriage of justice. Although the State's case rested almost entirely upon the credibility of M.L., we note that corroboration of a victim's testimony in rape cases is not required. *State v. Johnson*, 2006-Ohio-6404, ¶ 53. M.L testified and was subjected to cross-examination at trial. She was able to describe with specificity what Butler did with his hands and his mouth. Any inconsistencies in her accounts of what had transpired were minor. On appeal, Butler does not challenge that he performed cunnilingus on

an unsuspecting fifteen-year-old minor family member, he simply challenges that he used force to accomplish his purpose. We find no evidence in the record that suggests M.L. is mistaken, or otherwise should not be believed.

{¶31} Therefore, considering the evidence, the credibility of the witnesses, and the record in its entirety, we find the jury clearly did not lose its way concluding that Butler was guilty. We find that the jury did not disregard or overlooked compelling evidence that weighed against conviction.

{¶32} Butler's sole Assignment of Error is overruled.

{¶33} The judgment of the Delaware County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Wise, J., concur