[Cite as *State v. Beal*, 2025-Ohio-1666.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Andrew J. King, P. J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.    2024CA00085 |
| OCTAVIUS BEAL | : | 2024CA00086 |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:    Appeal from the Canton Municipal Court,
Case Nos. 2024 CRB 423 &
2024TRD00518


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 8, 2025


APPEARANCES:

For Plaintiff-Appellee

JASON P. REESE
Canton Law Director
BY: BEAU WENGER
Assistant Prosecutor
218 Cleveland Avenue SW
Canton OH 44702

For Defendant-Appellant

DONOVAN R. HILL
122 Market Avenue North, Ste. 101
Canton, OH 44702

*Popham, J.,*

**{¶1}** Defendant-appellant Octavius Beal ("Beal") appeals his conviction and sentence after a jury trial in the Canton Municipal Court.

*Facts and Procedural History*

**{¶2}** On January 25, 2024, at approximately 4:00 a.m., Canton Police Officer Christian Paris observed a man, later identified as Beal, walking in the middle of Market Avenue. (T. at 58.)[1] Officer Paris, operating a marked cruiser, stopped and approached the man, requesting his identification. (T. at 59 - 65.) The man refused, citing concerns about heavy fog and personal safety. (*Id.*) The encounter was captured on the officer's body camera and a nearby traffic camera. (T. at 62; State's Exhibit 1; State's Exhibit 2.)

**{¶3}** Officer Paris advised him that he was walking unlawfully in the roadway and was required to provide identifying information. (T. at 65.) The man continued to refuse despite repeated requests and the arrival of a second officer, who warned him that noncompliance could result in his arrest. (T. at 66; 94.) The man continued to refuse to identify himself, providing only his first name. He did not identify himself as Octavius Beal until after his arrest.

**{¶4}** Officer Paris charged Beal with obstructing official business (R.C. 2921.31), failure to disclose personal information (R.C. 2921.29(A)(1)), and pedestrian walking in the roadway (R.C. 4511.50(A) / (E)). The trial court denied Beal's motion to suppress on April 16, 2024.

---

[1] For clarity, the transcript of Beal's jury trial held April 25, 2024, will be referred to as "T.__".

**{¶5}** Following a jury trial, Beal was acquitted of obstructing official business but convicted of failure to disclose personal information. The trial judge separately found Beal guilty of pedestrians walking along highways, a minor misdemeanor. (T. at 130.)

**{¶6}** On the conviction for failure to disclose personal information, Beal was sentenced to 30 days in jail, with 29 days suspended and credit for one day served. He was also ordered to complete the Canton Anger Management Program (CAMP) and pay the court costs. On the conviction for pedestrians walking in the roadway, the judge ordered Beal to pay court costs.

*Assignments of Error*

**{¶7}** Beal raises two Assignments of Error:

**{¶8}** "I. APPELLANT'S CONVICTION OF FAILURE TO DISCLOSE PERSONAL INFORMATION WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

**{¶9}** "II. APPELLANT'S CONVICTION OF FAILURE TO DISCLOSE PERSONAL INFORMATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

*The Mootness Doctrine*

**{¶10}** Before addressing the merits of Beal's arguments, we must consider whether his appeal has been rendered moot.

**{¶11}** Mootness is a jurisdictional question because courts are tasked with deciding adversarial legal cases and issuing judgments that can be carried into effect. *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). *See also United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920); *North Carolina v.*

*Rice*, 404 U.S. 244, 246 (1971). Because mootness is jurisdictional, a court must address it even if the parties do not raise the issue. *Rice*, 404 U.S. at 246.

**{¶12}** A court may take judicial notice of mootness. As the Supreme Court of Ohio has noted, "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000), *quoting Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472 (1992). *Accord, Miner v. Witt,* 82 Ohio St. 237, 239 (1910). *See also State v. Lawless,* 2018-Ohio-1471, ¶ 18 (5th Dist.); *State v. Williams*, 2020-Ohio-77, ¶ 15 (5th Dist.).

**{¶13}** Here, Beal's appeal is not moot because he received a suspended sentence conditioned on good behavior for two years. He remains subject to the balance of the jail term if he fails to comply with the conditions of his sentence. A case is not moot where the suspended sentence is still in effect. *See State v. Baumgardt,* 2002-Ohio-4662, ¶ 7 (5th Dist.); *In re A.B.,* 2020-Ohio-3904, ¶10 (1st Dist.); *In the Matter of J.N.*, 2018-Ohio-2557, ¶ 20 (2d Dist.); *State v. Singleton*, 2019-Ohio-4518, ¶ 7 (11th Dist.).

I.

**{¶14}** In his First Assignment of Error, Beal contends that the evidence was insufficient to support his conviction for failure to disclose personal information.

### Standard of Appellate Review – Sufficiency of the Evidence

**{¶15}** The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *United States v. Gaudin,* 515 U.S. 506, 509-510 (1995); *Hurst v. Florida*, 577 U.S. 92 (2016).

**{¶16}** The test for the sufficiency of the evidence presents a question of law for resolution by the appellate court. *State v. Walker*, 2016-Ohio-8295, ¶ 30; *State v. Jordan,* 2023-Ohio-3800, ¶ 13. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 2016-Ohio-8448, ¶ 13.

**{¶17}** When reviewing the sufficiency of the evidence, an appellate court does not assess whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4 (1997); Walker* at ¶ 30. Thus, on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether the evidence, viewed in the light most favorable to the prosecution, would convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. *State v. Murphy*, 91 Ohio St.3d 516, 543 (2001), *citing Jenks* at paragraph two of the syllabus. *See also, Walker,* 2016-Ohio-8295 at ¶ 31; *State v. Poutney*, 2018-Ohio-22, ¶ 19.

**{¶18}** We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 2006-Ohio-5283 ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430 (1997). *Accord State v. Montgomery*, 2016-Ohio-5487, ¶ 74.

**Issue for Appellate Review**: Whether *the evidence, viewed in the light most favorable to the prosecution, would convince a rational trier of fact that Beal was guilty of failure to disclose personal information*

**{¶19}** Beal was convicted under R.C. 2921.29(A)(1), which requires a person, upon lawful detention supported by reasonable suspicion, to disclose their name, address, or date of birth. To lawfully detain a person under this statute, an officer must have reasonable suspicion that the individual is committing, has committed, or is about to commit a crime. *Terry v. Ohio,* 392 U.S. 1 (1968). *See also, Florida v. Royer,* 460 U.S. 491, 497- 98 (1983).

**{¶20}** Here, Officer Paris stopped Beal for violating R.C. 4511.50(A) by walking in the roadway despite the availability of a sidewalk. (T. at 58 - 60.) Reasonable suspicion supported the detention. *State v. Lenzy*, 2018-Ohio-3485, ¶ 15 (5th Dist.); *State v. Shorts*, 2011-Ohio-6202, ¶ 18 (5th Dist.). Therefore, he was permitted to lawfully stop Beal to investigate the behavior and potentially issue a citation.

**{¶21}** Beal's repeated refusals to identify himself justified his arrest under R.C. 2935.26(A)(2), which permits arrest for a minor misdemeanor when the offender fails to provide satisfactory proof of identity. *See State v. Habel*, 2010-Ohio-3907, ¶ 19 (5th Dist.). Moreover, requiring identification during a lawful *Terry* stop is constitutionally permissible. *Hiibel v. Sixth Judicial Dist. Court of Nevada*, 542 U.S. 177, 187-188 (2004).

**{¶22}** Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable trier of fact could have found beyond a reasonable doubt that Beal failed to disclose his personal information in violation of R.C. 2921.29(A). We therefore find that the State met its burden of production regarding each element of the offense and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Beal's conviction.

**{¶23}** Beal's First Assignment of Error is overruled.

II.

{¶24} In his Second Assignment of Error, Beal contends that his conviction is against the manifest weight of the evidence.

**Standard of Appellate Review –Manifest Weight of the Evidence**

{¶25} The term "'manifest weight of the evidence'. . . relates to persuasion." *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. It "concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis deleted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387(1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 102 at n.4 (1997); State v. Martin*, 2022-Ohio-4175, ¶ 26.

{¶26} When evaluating the manifest weight of the evidence, the question is whether the jury clearly lost its way in resolving conflicts in the evidence, thereby creating a manifest miscarriage of justice- even where the evidence of guilt is legally sufficient. *Thompkins*, at 386-387; *State v. Issa*, 93 Ohio St.3d 49, 67 (2001).

{¶27} Manifest weight review focuses on the effect of the evidence in inducing belief. *Thompkins*, at 386-387; *State v. Williams,* 2003-Ohio-4396, ¶ 83. In this context, an appellate court acts as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. *State v. Jordan*, 2023-Ohio-3800, *Thompkins* at 387, *citing Tibbs v. Florida*, 457 U.S. 31, 42 (1982) (quotation marks omitted); *State v. Wilson,* 2007-Ohio-2202, ¶ 25, citing *Thompkins.*

{¶28} Traditionally appellate courts have recognized a presumption in favor of the finder of fact when reviewing a manifest weight of the evidence challenge. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 21. This deference stems from the trier of facts unique

position to observe the witnesses' demeanor, gestures, and voice inflections- elements critical in assessing credibility. *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80 (1984).

{¶29} However, the Eighth District Court of Appeals has recently observed in *State v. Reillo,* 2024-Ohio-3307, ¶ 20, *appeal allowed* 2025-Ohio-705 (Table), that *Eastley* arguably implied that the presumption from the civil manifest weight review persists in criminal cases. *Id.* at ¶ 27. The court emphasized that if an appellate court simply defers to the trier of facts credibility determinations "there would be no difference between that and the sufficiency analysis, in effect merging the separate concepts of sufficiency and weight, as was once the standard for civil cases." *Reillo* at ¶ 23 (citations omitted). The court further noted: "If appellate panels defer to the trier of fact's credibility determinations, which resulted in the finding of guilt or there would not be an appeal, there would be no reason to advance a manifest-weight challenge." *Id. See also State v. Butler*, 2024-Ohio-5879, ¶ 27 (5th Dist.). Accordingly, an appellate court reviews de novo the trier of fact's credibility determinations.

{¶30} A manifest-weight challenge should be sustained only in "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶31} Additionally, to reverse a jury verdict as being against the manifest weight of the evidence, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required pursuant to Article IV, Section 3(B)(3) of the Ohio Constitution. *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶¶ 2 - 4, *citing Thompkins* at paragraph four of the syllabus.

**Issue for Appellate Review**: *Whether the jury clearly lost its way and created a manifest miscarriage of justice requiring a reversal*

{¶32}  Upon review of the entire record, weighing the evidence and all reasonable inferences and assessing credibility as a thirteenth juror, we conclude that the jury did not lose its way or create a manifest miscarriage of justice.

{¶33}  Officer Paris' testimony was corroborated by the traffic camera and body camera videos.   The record contains no compelling evidence that weighs heavily against Beal's conviction.  We find that the greater weight of the credible evidence supports the jury's finding that Beal failed to disclose personal information when lawfully detained.  We further find no indication that the jury lost its way or ignored substantial evidence. Accordingly, Beal's conviction for failing to disclose personal information is not against the manifest weight of the evidence.

{¶34}  Beal's Second Assignment of Error is overruled.

{¶35} The judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.

By Popham, J.,

King, P.J., and

Gormley, J., concur